498 So.2d 580 (1986)
STATE of Florida, Appellant,
v.
Bruce SILVER, Appellee.
No. 85-2439.
District Court of Appeal of Florida, Fourth District.
December 3, 1986.
Rehearing Denied December 31, 1986.
*581 Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellant.
Dennis Schaefer and Craig K. Satchell, Hollywood, for appellee.
GLICKSTEIN, Judge.
We reverse the trial court's order which suppressed the results of the defendant's blood/alcohol test. See Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984) and Cox v. State, 473 So.2d 778 (Fla. 2d DCA 1985). See also Armenia v. State, 497 So.2d 638 (Fla. 1986).
The uncontradicted facts show that a two vehicle accident occurred during the afternoon; that an officer  formerly an aide for three years and then employed as an officer for a period of months  responded, to the scene and found a Mustang in the southbound lane of North Federal Highway, facing "westerly, south," and a four door sedan off the roadway, "in the grass, in the corner of a parking lot of a motel." In the sedan she saw a dead person. While the officer was checking for witnesses the defendant/appellee approached her and told her he was the driver of the Mustang. The officer escorted appellee to her police vehicle so he would not leave. When the officer got "into the police car to take more paperwork out," at some point, she smelled the odor of alcohol on appellee's breath. She then told the homicide investigator, who had arrived at the scene, of having smelled alcohol on appellee's breath, and was told to take appellee to the hospital to have blood removed. The new officer testified at the hearing on the motion to suppress that appellee did not appear to be intoxicated. On her cross-examination, the following colloquy occurred:
Q Did you have probable cause to arrest him?
A No. At the scene, no, I did not.
Appellee's blood alcohol reading was .11. Section 316.193(1), Florida Statutes (1983) provides:
(1) It is unlawful and punishable as provided in subsection (2) for:
(a) Any person who is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state; or
(b) Any person with a blood alcohol level of 0.10 percent or above to drive or be in the actual physical control of any vehicle within this state.
The homicide traffic investigator placed the sedan, in which the deceased was located, "sitting in a field in sort of a northwesterly position, sitting off of Federal highway on the west side of Federal," located some distance off the roadway. Neither witness testified as to the amount of damage to either vehicle or the location of the damage upon either.
The trial court announced at the hearing that it was granting the motion to suppress, but gave no reasons therefor. We find no reasonable basis for the trial court's decision. In Jackson, the court's recitation of the facts was as follows:
Trooper Donald Roberts of the Florida Highway Patrol saw appellant at the emergency room of the Bradford County Hospital and smelled alcohol on his breath. At that time Trooper Roberts, based on his own investigation and on *582 information obtained from a fellow officer, knew that the accident had occurred under the circumstances stated above and that as a result a person had been killed. Based on this information about the accident and the smell of alcohol on appellant's breath, Roberts ordered a blood sample taken from appellant for testing. Trooper Roberts testified that he had no opinion regarding whether appellant's normal faculties were impaired at the time of the accident or when the blood sample was ordered. The results of the blood test showed .17 percent by weight of alcohol in appellant's blood. (Emphasis added.)
Id. at 917 (footnote omitted).
Section 316.1933(1) Florida Statutes (1983) provides:
Notwithstanding any recognized ability to refuse to submit to the tests provided in s. 316.1932 or any recognized power to revoke the implied consent to such tests, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of his blood for the purpose of determining the alcoholic content thereof or the presence of controlled substances therein. The law enforcement officer may use reasonable force if necessary to require such person to submit to the administration of the blood test. The blood test shall be performed in a reasonable manner. "Serious bodily injury" means a physical condition which creates a substantial risk of death; serious, personal disfigurement; or protracted loss or impairment of the function of any bodily member or organ.
In our view, the only reasonable view to be taken by the trial court was that taken by the homicide investigator, who requested the new officer to handle for the investigator the logistics of taking appellee to the hospital for the statutory blood alcohol test. Two vehicles were scattered over the neighborhood; one contained a victim, killed from the impact, and the other driver had the odor of alcohol on his breath. It was error for the trial court to suppress the results of the test.
Moreover, we are concerned what influence, if any, the attorney's unsworn representation at the hearing upon appellee's motion to suppress had upon the decision. The representation was that the misdemeanor charge made at the scene, namely, of appellee's driving on the wrong side of the road, resulted in a directed verdict in the county court. That unsworn "non-evidence" had nothing to do with the issue at hand in the pending felony charges.
We are equally concerned with what significance was given to the new officer's opinion in this case, in light of the above emphasized discussion in Jackson.
DOWNEY and ANSTEAD, JJ., concur.