PER CURIAM.
Adam K. Lax appeals from judgments of conviction for two counts of DUI manslaughter and one count of DUI with serious bodily injury. We affirm.
First, we reject appellant’s contention that the investigating officer lacked probable cause to order that appellant’s blood be drawn and tested for the presence of alcohol. See State v. Silver, 498 So.2d 580 (Fla. 4th DCA 1986) (officer had probable cause to order a blood test where two vehicles were scattered over the neighborhood; one contained a victim, killed from the impact, and the other driver had the odor of alcohol on his breath), rev. denied, 506 So.2d 1043 (Fla. 1987). Next, appellant argues that the results of the blood test should have been suppressed because the HRS policies for proficiency testing of previously certified blood analysts were not properly promulgated in the form of a rule. In light of the recent Florida Supreme Court decision in Mehl v. State, 632 So.2d 593 (Fla.1993), this argument also fails. Finally, appellant contends that the results of the blood test should have been suppressed as the Dade County DUI Laboratory does not possess a Chapter 483 license. This contention lacks merit; although the laboratory may forward its results to other county agencies and programs, it is not a “clinical laboratory” pursuant to section 483.041(2), Florida Statutes (1991).
Affirmed.