McDONALD, Justice.
A district court of appeal has certified the following question as being of great public importance: “Whether one can be convicted, although not sentenced, of a lesser included offense after he has been convicted of the greater crime.” Garcia v. State, 444 So.2d 969, 970 (Fla. 5th DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the negative, but we hold that it is inapplicable to the instant case and quash the district court’s discussion of the law regarding lesser included offenses.
The state charged Garcia with armed robbery under subsection 812.13(2)(a); Florida Statutes (1981), and with displaying, using, threatening, or attempting to use a firearm during the commission of a felony under subsection 790.07(2), Florida Statutes (1981). A jury found him guilty of both counts as charged. The trial court adjudicated Garcia guilty and gave him a twenty-year sentence for the armed robbery. The trial court imposed no sentence for the firearm conviction.[1]
On appeal the district court “noted” that Garcia had been convicted of both a greater and a lesser included offense. The court expressed its confusion regarding the law on lesser included offenses and framed its certified question. Because Garcia had not raised the conviction of a lesser included offense on appeal, the district court affirmed his convictions.
We have recently issued numerous opinions clarifying the law as to lesser included offenses. Indeed, we essentially answered the question posed here in State v. Enmund, 476 So.2d 165 (Fla.1985), where we overruled State v. Hegstrom, 401 So.2d 1343 (Fla.1981), which held that the conviction, but not the sentence, for a necessarily lesser included offense could be affirmed. See also Bell v. State, 437 So.2d 1057, 1058 (Fla.1983) (“We did not intend to hold in Hegstrom that the double jeopardy clause ... permits a defendant to be convicted of both a greater and a lesser included offense provided no sentence is imposed for the lesser included offense.”); State v. Baker, 456 So.2d 419 (Fla.1984) (Bell is limited to necessarily lesser included offenses.). We therefore answer the district court’s question in the negative and hold that one can neither be convicted of nor sentenced for a necessarily lesser included offense.
Answering the district court’s question, however, does not resolve the instant case. In State v. Gibson, 452 So.2d 553 (Fla.1984), a jury convicted the Gibsons of armed robbery and of use or display of a firearm during commission of a felony. Relying on State v. Pinder, 375 So.2d 836 (Fla.1979), the district court reversed the Gibsons’ convictions and sentences on the firearms charges, finding them to be lesser included offenses of armed robbery. After analyzing the applicable statutes pursuant to the test set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we found that armed robbery and use of a firearm during commission of a felony have different statutory elements and that the latter is not a necessarily lesser included offense of the former.[2] The district court did not have the benefit of Gibson when considering this case and incorrectly concluded that the instant firearms charge was a lesser included offense of armed robbery.
We approve the district court’s affirmance of Garcia’s convictions. Although we' answer the certified question in the negative, we find it not applicable to this case and quash the district court’s discussion of the state of the law of lesser included offenses. Finally, we direct the district court to remand this case to the trial court *172 for imposition of sentence on the firearms charge.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.

. The transcript of the sentencing hearing is not included in the record on appeal.

. We went even further in Gibson and held: "Because double jeopardy permits it and the legislature clearly intends it, we hold separate prosecutions and punishments are proper, and, as far as the double jeopardy argument is concerned, we would hold so even if the Blockburger test were not satisfied." 452 So.2d at 558.