UPCHURCH, Judge.
Frank Armenia appeals from a judgment and sentence for manslaughter by driving while intoxicated. Armenia raises several questions on appeal, two of which involve the application of Baker v. State, 377 So.2d 17 (Fla.1979). We will discuss only these two points as we conclude that the other issues lack merit.
The facts are as follows. In December, 1983, a collision occurred between Armenia’s automobile and a vehicle in which Jennings Overstreet was a passenger. Overstreet later died from injuries sustained in the accident. A blood sample taken from Armenia immediately following the accident revealed a blood alcohol level of .21.
Armenia was charged with manslaughter by driving while intoxicated. Prior to trial, Armenia filed a motion to dismiss the information on the grounds that all of the evidence showed that the driver of the Over-street vehicle was solely at fault in causing the accident. Relying on Baker v. State, 377 So.2d 17 (Fla.1979), the state argued that causation was not required to sustain a conviction for DWI manslaughter. The motion to dismiss was denied.
At trial, William Hart, who narrowly avoided being hit himself, testified that the Overstreet vehicle made a left-hand turn directly into Armenia’s vehicle. This observation was consistent with the testimony from an accident reconstruction expert who further stated that in his opinion Armenia did not have time to avoid the accident. However, another witness, who had been following Armenia, testified that Armenia cut in front of him, was weaving in and out of traffic and refused to allow him to pass. The homicide investigator at the scene testified that he smelled alcohol on Armenia’s breath and ordered that a blood sample be taken because of the serious injuries involved.
At the conclusion of the case, the trial court instructed the jury on manslaughter using the standard jury instructions. Over Armenia’s objection, the trial court also gave the following instructions requested by the state:
The term “caused by the operation of a motor vehicle by any person while intoxicated” is defined as the equivalent of stating that death resulted from the misconduct which had its inception at the time said person took control of the car and continued to operate it while not in possession of his faculties.
Proof of negligence in the operation of an automobile is not necessary to establish the offense of manslaughter by operation of an automobile while intoxicated.
The jury found Armenia guilty as charged. He was adjudicated guilty and sentenced to twelve years imprisonment.
On appeal, Armenia argues that the trial court erred in denying his motion to dismiss the information and in giving the instructions requested by the state. Armenia was charged with violating section 316.-1931, Florida Statutes (1983), which provides in part as follows:
Driving automobile while intoxicated; punishment.—
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate over the highways, streets, or thoroughfares of this state any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193 ... ******
*262 (2) If, however, damage to the property or person of another, other than damage resulting in the death of any person, is done by such intoxicated person under the influence of alcoholic beverages, model glue, or any substance controlled under chapter 893, to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of the vehicles mentioned herein, he is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, but the penalty imposed for a violation of this subsection shall be not less than the penalty provided under s. 316.193; and if the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter. (emphasis added)
Armenia contends that this charge should have been dismissed because the evidence established that the Overstreet vehicle was solely at fault and that his intoxication did not cause the accident. Armenia recognizes that in Baker v. State, 377 So.2d 17 (Fla.1979), the Florida supreme court held that neither negligence nor proximate cause is an element of DWI manslaughter. However, Armenia points out that the Florida supreme court in its standard jury instructions, which were adopted after Baker, has listed vehicular homicide (which requires causation between the defendant’s recklessness and the victim’s death) as a necessarily lesser included offense of manslaughter and has approved causation language in the DWI manslaughter instruction. Based on these developments,' Armenia urges that his conviction be set aside and the question of the continuing viability of Baker be certified to the Florida supreme court.
In Baker, the defendant argued that the absence of a requirement of some nexus between the intoxication of the defendant and the death of the victim rendered the DWI manslaughter statute unconstitutional. The majority rejected this argument, holding that statutes which impose strict criminal liability, although not favored, are nonetheless constitutional. In his dissent, Justice Boyd disagreed and argued that the statute should be construed as requiring a causal connection between the defendant’s intoxication and the death of the victim.
After Baker was decided, the Florida supreme court listed vehicular homicide as a necessarily lesser included offense of DWI manslaughter. Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases (1981 ed.) at 272. In Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985), this court pointed out the apparent incongruity between the schedule of lesser included offenses and the majority opinion in Baker:
Vehicular homicide requires that the defendant operate a motor vehicle in a reckless manner (likely to cause the death of, or great bodily harm to, another), and that there be a causal relationship between that recklessness and the victim’s death. See J.A.C. v. State, 374 So.2d 606 (Fla.3d DCA 1979), review denied, 383 So.2d 1203 (Fla.1980). Neither reckless operation nor proximate cause is an element of the crime of D.W.I. manslaughter under section 860.01(2), as that section has been construed by the Florida Supreme Court in Baker v. State, 377 So.2d 17 (Fla.1979). Therein, the Florida Supreme Court held the statute to be one creating strict criminal liability. Therefore, based upon a strict Blockburger [v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ], analysis of the statutory elements of the two offenses, it would seem that vehicular homicide cannot be a necessarily lesser included offense (Category 1) of D.W.I. manslaughter.[1]
465 So.2d at 1310.
The Florida supreme court also approved language in the standard jury instructions *263 for DWI manslaughter which appears contrary to its decision in Baker. In Baker, the court held that the state must prove that the death of the victim merely resulted from the operation of a motor vehicle by the defendant. However, the standard jury instruction provides that the state must establish that the death of the victim was caused by the operation of a motor vehicle by the defendant. Florida Standard Jury Instructions at 69.
The adoption of the standard jury instructions and the schedule of lesser included offenses support the argument that the Florida supreme court has impliedly receded from its holding in Baker. However, we feel that any direction in this area should come from the supreme court itself. Since the trial court was merely following the holding in Baker, we cannot say that the denial of Armenia’s motion to dismiss was error. Likewise, the special instructions requested by the state simply reflect the law as stated in Baker and thus the giving of these instructions was not error. However, because of the confusion in this area, we certify the following question as being one of great public importance:
IS IT NECESSARY TO PROVE THAT THERE WAS A CAUSAL RELATIONSHIP BETWEEN THE MANNER OF OPERATION OF DEFENDANT’S MOTOR VEHICLE OR HIS INABILITY TO AVOID THE ACCIDENT BECAUSE OF HIS INTOXICATION AND THE DEATH OF THE VICTIM TO CONVICT FOR A VIOLATION OF SECTION 316.-1931, FLORIDA STATUTES (1983)?
AFFIRMED.
SHARP, J., concurs.
DAUKSCH, J., concurs specially with opinion.

. This court then certified the question whether the schedule of lesser included offenses was in *263 error in classifying vehicular homicide as a necessarily lesser included offense of DWI manslaughter,