497 So.2d 638 (1986)
Frank ARMENIA, Petitioner,
v.
STATE of Florida, Respondent.
No. 68039.
Supreme Court of Florida.
October 2, 1986.
Rehearing Denied December 5, 1986.
*639 James B. Gibson, Public Defender, Seventh Judicial Circuit and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
BARKETT, Justice.
We have for review Armenia v. State, 479 So.2d 260 (Fla. 5th DCA 1985). The Fifth District Court of Appeal certified the following question as being of great public importance:
IS IT NECESSARY TO PROVE THAT THERE WAS A CAUSAL RELATIONSHIP BETWEEN THE MANNER OF OPERATION OF DEFENDANT'S MOTOR VEHICLE OR HIS INABILITY TO AVOID THE ACCIDENT BECAUSE OF HIS INTOXICATION AND THE DEATH OF THE VICTIM TO CONVICT FOR A VIOLATION OF SECTION 316.1931, FLORIDA STATUTES (1983)?
Id. at 263. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The decision of this Court in Baker v. State, 377 So.2d 17 (Fla. 1979), answers the certified question in the negative. Nothing has occurred since Baker which would warrant receding from that case. Accordingly, we answer the certified question in the negative and approve the decision below.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I dissent for the reasons expressed in my dissenting opinion in Baker v. State, 377 So.2d 17 (Fla. 1979). As I stated there, the "DWI manslaughter" statute should be construed, according to the manifest legislative intent, to require proof of a causal connection between the driver's impaired operation of the motor vehicle and the victim's death. In the absence of such a construction, the statute violates: (1) constitutional principles of due process requiring rationality in criminal legislation; (2) constitutional principles of equal protection; and (3) constitutional principles against excessive or arbitrarily determined criminal punishments.
I fully agree with the legislature that operating a motor vehicle while intoxicated is reprehensible conduct and that such conduct should be punished. However, when persons convicted of driving while intoxicated are punished, the criminal penalties imposed must have some rational relationship with the egregiousness of the conduct and must not violate constitutional standards of fairness and equity. Sentences of punishment that demonstrate shocking disparity when comparing the treatment of persons guilty of substantially the same conduct are not permitted under the constitutions of the United States and Florida. Equal protection of the law is a fundamental precept of our constitutional form of government. So is the concept of due process of law. These principles take on special importance in the area of criminal law.
Under the statutory construction of the Baker decision, adhered to by the Court *640 today, there is no requirement of a causal connection between the driver's intoxication and the victim's death. Persons convicted of driving under the influence or driving while intoxicated can be punished by fines, short jail terms, probation, community service requirements, education and treatment requirements, or a combination of such measures. See §§ 316.193, 316.1931, Fla. Stat. (1985). A person who engages in the same behavior, and without any additional reckless, wrongful, culpable, or negligent conduct, but who is merely involved in a collision in which the death of another human being occurs, can, under the Baker construction, be imprisoned for up to fifteen years. §§ 316.1931(2)(c), 782.07, 775.082(3)(c), Fla. Stat. (1985). Thus the otherwise faultless but impaired driver can be sent for a long term of years to live with murderers, rapists, robbers, kidnappers and other dangerous felons convicted of intentional and violent crimes.
Under the Baker construction, the impaired driver is liable to receive a long prison term even where the negligent, reckless, or intentional conduct of another person actually caused the death. An impaired driver who, realizing his impairment, pulls off to the side of the road and turns off his engine, based on statutory language holding him still to be in control of the vehicle, can be found guilty of manslaughter if another driver negligently, recklessly, or intentionally collides with the impaired driver's vehicle causing the death of the negligent driver or any other person other than the stationary, impaired driver.
Another indication of the absurd result achieved by the Baker construction is that the crime of vehicular homicide, which requires for conviction a showing of reckless operation of a motor vehicle and a causal connection between such reckless operation and the victim's death, is only punishable by a maximum of five years in prison. See §§ 782.071, 775.082(3)(d), Fla. Stat. (1985). Under the Baker decision, "DWI manslaughter," without any proof of causation or fault other than the impairment, is punishable by up to fifteen years. The legislature cannot have intended such disparity. If it did, it exceeded the bounds of constitutionally permissible legislative discretion in prescribing punishments for crimes.
The Baker construction is unsound on its face because the statute expressly requires a causal connection between the impaired driver's operation of the vehicle on the one hand, and the victim's death on the other.
I reject the suggestion that the DWI manslaughter statute, as construed in Baker, is no different in principle from the felony murder rule, under which a participant in a felony can be convicted of a murder he in no way intended, based on his criminal intent in committing the felony. The two situations are very different. The defendant's participation in the underlying felony already subjects him to the possibility of a long prison term; his liability for the additional offense of felony murder serves only to increase the length of time he will spend in the penitentiary in the absence of evidence that he intended or contemplated murder. The intoxicated person who operates a motor vehicle is normally treated as a misdemeanant. His transformation into a felon by reason of a fatality, without regard to additional fault or causation, is very different in principle from the felony murder rule.
The Baker construction renders the statute irrational, arbitrary, oppressive, excessive, and therefore unconstitutional. I would recede from Baker and hold that the statute requires causation.