523 So.2d 762 (1988)
Barbara Ann MAGAW, Appellant,
v.
STATE of Florida, Appellee.
No. BS-353.
District Court of Appeal of Florida, First District.
April 15, 1988.
Keith D. Cooper, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Barbara Ann Magaw appeals the judgment and sentence rendered against her for manslaughter by intoxication. She raises seven issues for our review. We affirm on all points and find that only issue IV, whether the trial court erred in refusing to allow the appellant to argue causation to the jury, merits discussion.
There was evidence that appellant was speeding across Three Mile bridge in Pensacola and was involved in a traffic accident July 2, 1986, which resulted in the drowning death of Ray Barnes, Jr., whose car went off the bridge into the water below. Appellant was found in her truck on the bridge, semiconscious, and smelling of alcohol. At the scene appellant, in a semiconscious state, uttered various statements, mostly nonsensical, in response to questions from law enforcement personnel. Although the officers feared that another car had been involved, no one witnessed the accident. Therefore, the officers had to rely on appellant's responses. The officers noticed blue paint on the broken guardrail on the bridge, and blue transfer paint on the front of appellant's white truck. The victim's body and blue truck were later retrieved from the water by law enforcement personnel. Appellant was taken to a hospital. There was no doubt in the witnesses' mind that appellant was very intoxicated when she was discovered at the scene of the accident. A police officer requested the emergency medical people to draw blood samples to determine her blood alcohol level. Appellant's blood was drawn *763 at 1:47 a.m. on July 2, 1986. An analysis of the blood alcohol was determined by an FDLE officer to be .25 grain ethyl alcohol per 100 millimeters of blood. On August 1, 1986, after receiving the results of appellant's blood alcohol test, a warrant was issued and she was arrested and charged by information with manslaughter by intoxication in violation of section 316.1931, Florida Statutes (1985).
The jury found appellant guilty as charged. The sentencing guidelines recommendation was three to seven years. The court imposed a five year prison sentence and permanently revoked appellant's driver's license.
In issue IV, appellant argues that the trial court erred by denying her request to argue causation to the jury. The state contends that this issue is still controlled by Armenia v. State, 497 So.2d 638 (Fla. 1986). In Armenia, the Florida Supreme Court held that it is not necessary to prove a causal relationship between the manner of operation of defendant's motor vehicle due to intoxication and the death of the victim, in order to convict under section 316.1931, Florida Statutes (1983), and Baker v. State, 377 So.2d 17 (Fla. 1979). In Baker the court held that DWI/manslaughter was a strict liability offense.
However, we note that section 316.1931, Florida Statutes has been repealed and replaced by section 316.193(3)(c), Florida Statute (Supp. 1986).[1] We agree with appellant that the placement of the word "causes" in the new text appears to require proof of a causal connection between the operation of a vehicle while under the influence and the death of a human being, before one may be convicted of manslaughter under the statute. We further note that section 316.193(3)(c), Florida Statutes (Supp. 1986), went into effect October 1, 1986, contemporaneously with the supreme court's decision on Armenia, which was published October 2, 1986, and rehearing denied on December 5, 1986. In Armenia the court specifically stated that "Nothing has occurred since Baker which would warrant receding from that case." 497 So.2d at 639. In the instant case, the offense leading to the victim's death occurred on July 2, 1986, and is therefore controlled by Armenia. Consequently, we must affirm the trial court's denial of appellant's request to argue causation to the jury.
The recent statutory amendment was not addressed in Armenia, and raises a question whether we should apply the holding in Armenia, or interpet the statutory amendment as requiring proof of a causation when faced with similar, subsequent *764 appeals. Since we deem this issue to be of great public importance, we certify the following question to the Florida Supreme Court:
Is the holding of Armenia v. State, 497 So.2d 638 (Fla. 1986) still valid in light of section 316.193(3)(c) Florida Statutes (Supp. 1986)?
Affirmed.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] Section 316.1931, Florida Statutes (1983) now repealed, provided in pertinent part:

316.1931 Driving automobile while intoxicated; punishment. 
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate over the highways, streets, or thoroughfares of this state any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193.
....
... if the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter. (emphasis supplied).
Section 316.193, Florida Statutes (Supp. 1986) provides in pertinent part:
316.193 Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 when affected to the extent that his normal faculties are impaired; or
....
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
....
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis supplied).