WENTWORTH, Judge.
Petitioner seeks a writ of certiorari for review of a nonfinal pretrial order denying the state’s motion in limine to exclude evidence or argument regarding a decedent victim’s blood alcohol level in respondent’s trial on DUI manslaughter charges. The state contends that the trial court erred in denying the motion in that the Florida Supreme Court has not expressly receded from its ruling in Armenia v. State, 497 So.2d 638 (Fla.1986) that DUI manslaughter is a strict liability offense for which proof of a causal relationship between the manner of operation of the defendant’s motor vehicle due to intoxication and the death of the victim is unnecessary. We deny the petition, finding that 1986 amendments to Chapter 316 injected the element of causation into the offense of DUI manslaughter.
The state filed a three count information charging respondent with separate counts of DUI manslaughter for the deaths of Jennine Juhacz and Christopher Work, in violation of section 316.193(3)(c)(3), Florida Statutes, and DUI, in violation of section 316.193(l)(b), Florida Statutes. The charges stemmed from an October 25, 1987 collision during which Work, the driver of one of the vehicles, and Juhacz, a passenger in respondent’s vehicle, were killed. A test of respondent’s blood following the collision revealed a blood alcohol level of 0.154 percent. Test results also showed that Work had a blood alcohol level of 0.10 percent or higher. The state filed motions in limine to preclude the defendant from presenting any testimony, evidence or ar *703 gument pertaining to the lack of a causal connection between the deaths of the victims and the manner of the defendant’s operation of her automobile, and to preclude the defendant from presenting testimony, evidence or argument that victim Work had a blood alcohol level greater than .10 percent at the time of the accident. At a hearing on the motions the defendant submitted into evidence a transcript of Florida Senate proceedings at which 1986 amendments to Chapter 316 were discussed, and a House Committee On Criminal Justice staff analysis of the same amendment’s. The defendant argued that section 316.193(3)(c)(3), Florida Statutes (1987) injected the element of causation into the offense of DUI manslaughter, and the Florida Supreme Court’s ruling in Armenia therefore is no longer applicable. The state argued that DUI manslaughter is still a strict liability offense because the Florida Supreme Court has not yet expressly receded from its holding in Armenia. The trial court denied the motions on the basis of the amended legislation.
Section 316.193(3)(c)(3), Florida Statutes (1987), provides:
(3) Any person:
a. who is in violation of subsection (1):
b. who operates a vehicle; and
c. who, by reason of such operation, causes:
[[Image here]]
3. the death of any human being is guilty of DUI manslaughter ...
The Florida Supreme Court in Armenia answered the certified question, “Is it necessary to prove that there was a causal relationship between the manner of operation of defendant’s motor vehicle or his inability to avoid the accident because of his intoxication and the death of the victim to convict for a violation of section 316.-1931, Florida Statutes (1983)?” in the negative based on its prior decision in Baker v. State, 377 So.2d 17 (Fla.1979). Armenia was decided prior to the 1986 amendments to Chapter 316. This court in Magaw v. State, 523 So.2d 762 (Fla. 1st DCA 1988), affirmed the trial court’s denial of the defendant’s request to argue causation because the July 2, 1986 offense in that case occurred prior to the October 1, 1986 effective date of section 316.193(3)(c)(3), Florida Statutes (1986 supp.) The court therefore found that the case was controlled by the Florida Supreme Court’s decision in Armenia, but certified the question of whether the holding in Armenia is still controlling in light of section 316.193(3)(c)(3), Florida Statutes.
While this court is obligated to follow decisions of the Florida Supreme Court, it is also “bound to interpret and apply the law as pronounced by the legislature, unless the legislative will collides with constitutional principles.” Regan v. ITT Industrial Credit Co., 469 So.2d 1387, 1390 (Fla. 1st DCA 1984). We find that the history of the statute in question requires application of the rule of statutory construction recognizing that “the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any change in the language of the original act is presumed to indicate a change in legal rights.” Sutherland, Statutory Construction, sec. 22.30 (4th Ed.). Furthermore, “when the intent of the legislature is not clear from its language, the court will consider surrounding circumstances.” Sutherland, supra, sec. 22.29.
Documents presented below by the respondent conclusively show that the intent of the legislature, consistent with the language used in replacing section 316.1931 with section 316.193(3)(c)(3), was to inject the requirement of proof of a causal connection between the operation of the vehicle by the offender and the resulting death where DUI manslaughter is charged. The House Committee on Criminal Justice analysis specifically stated, “[tjhere now must be a ‘causal connection’ between the operation of the vehicle by the offender and the resulting death.” The transcript of the Senate hearing at which the 1986 amendments to Chapter 316 were discussed includes the statement, “The new language does have the word cause, and I think it’s *704 the intent of the drafters of the bill that causation be a factor in a DUI manslaughter conviction.” We therefore find that because causation is an element of the offense of DUI manslaughter under section 316.193(3)(c)(3), the trial court properly denied the state’s motion in limine.
The petition for writ of certiorari is denied.
MILLS and SHIVERS, JJ., concur.