PER CURIAM.
The state charged Debra Kearney with several offenses, including inter alia, DUI manslaughter in violation of section 316.-193, Florida Statutes (1987). Prior to trial, the state filed a motion in limine seeking to prevent Kearney’s counsel from arguing “causation” to the jury. The trial court denied the motion and the state appealed. We have elected to treat the appeal as a petition for certiorari, and for the reasons stated below, we deny the petition.
Prior to the enactment of section 316.193, our supreme court held that DWI/manslaughter was a strict liability offense. Thus, a causal relationship between the defendant’s manner of operating a vehicle while intoxicated and the victim’s death was unnecessary for conviction of a violation of the then-controlling statute, section 316.1931, Florida Statutes (1983).[1] See Armenia v. State, 497 So.2d 638 (Fla.1986); Baker v. State, 377 So.2d 17 (Fla.1979).
Section 316.1931 was repealed and replaced by section 316.193, effective October 1, 1986, which provides in pertinent part:
*712 316.193 Driving under the influence; penalties.—
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection
(2) if such person is driving or in actual physical control of a vehicle within this state and:
(a)The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 when affected to the extent that his normal faculties are impaired; or
[[Image here]]
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
[[Image here]]
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (emphasis added).
It is clear that in repealing section 316.-1931 and replacing it with a substantially amended section 316.193, the legislature intended to require a causal connection between an intoxicated driver’s operation of a motor vehicle and injury or death. See House of Representatives, Committee on Criminal Justice, Staff Analysis to HB 8-B (June 18, 1986).
Accordingly, the trial court did not depart from the essential requirements of law in denying the state’s motion in limine.
Petition for writ of certiorari denied.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.

. Section 316.1931, Florida Statutes (1983), provided in pertinent part:
316.1931 Driving automobile while intoxicated; punishment.—
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate over the highways, streets, or thoroughfares of this state any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in s. 316.193....
(2) ... if the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person *712 shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter.