537 So.2d 564 (1989)
Barbara Ann MAGAW, Petitioner,
v.
STATE of Florida, Respondent.
No. 72419.
Supreme Court of Florida.
January 12, 1989.
Keith D. Cooper, Pensacola, for petitioner.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.
*565 GRIMES, Justice.
We review Magaw v. State, 523 So.2d 762 (Fla. 1st DCA 1988), in which the district court of appeal certified a question to be of great public importance. Our jurisdiction is predicated upon article V, section 3(b)(4), of the Florida Constitution.
Magaw was convicted of manslaughter by intoxication as a result of an accident which occurred on July 2, 1986. She complained that the court denied her request to argue causation to the jury. The district court of appeal relied upon Armenia v. State, 497 So.2d 638 (Fla. 1986), to reject this argument and affirmed the conviction. The court said:
In Armenia, the Florida Supreme Court held that it is not necessary to prove a causal relationship between the manner of operation of defendant's motor vehicle due to intoxication and the death of the victim, in order to convict under section 316.1931, Florida Statutes (1983), and Baker v. State, 377 So.2d 17 (Fla. 1979). In Baker the court held that DWI/manslaughter was a strict liability offense.
523 So.2d at 763. However, because of a 1986 amendment to the statute, the district court certified the following question:
Is the holding of Armenia v. State, 497 So.2d 638 (Fla. 1986) still valid in light of section 316.193(3)(c) Florida Statutes (Supp. 1986)?
523 So.2d at 764.
In Baker v. State, 377 So.2d 17 (Fla. 1979), this Court sustained the validity of the manslaughter by intoxication statute (then section 860.01(2), Florida Statutes (1977)) against the contention that it was unconstitutional because it did not require a causal connection between the intoxication and the resulting death. The Court observed:
That the legislature intended section 860.01(2) to have strict liability consequences is beyond peradventure. Cannon v. State [91 Fla. 214, 107 So. 360] was decided by this Court in 1926. Decisions of this Court and of the district courts of appeal since that date have consistently held that negligence and proximate causation are not elements of the crime described in section 860.01(2). The legislature's reluctance to revisit the statute, in spite of ample opportunity, leads to the conclusion that the judicial construction of section 860.01(2) accurately reflects legislative intent.
377 So.2d at 19. While recognizing that strict criminal liability statutes were not favored, the Court reasoned that the legislature had not acted irrationally in enacting the statute as a deterrent to the serious social problem of drunken driving. In a sharp dissent, Justice Boyd argued that the statutory language should be construed to require for conviction a causal connection between the intoxication and the death.
In response to a certified question, this Court in Armenia reaffirmed the holding in Baker that it was unnecessary to prove a causal relationship between the manner of operation of the defendant's motor vehicle and the death of the victim in order to sustain a conviction for manslaughter by intoxication. The Court observed that nothing had occurred since the decision in Baker which would warrant receding from that case.[1]
By 1986, the manslaughter by intoxication statute construed in Baker had been renumbered as section 316.1931, but its wording remained essentially the same. Immediately before the 1986 amendment, the statute read, in pertinent part:
316.1931 Driving automobile while intoxicated; punishment. 
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate within this state any automobile, truck, motorcycle, or other vehicle... .

*566 (2) ... .
(c) If the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter.
(3) A conviction under the provisions of this section shall not be a bar to any civil suit for damages against the person so convicted.
The pertinent portion of the manslaughter by intoxication statute, as amended by chapter 86-296, Laws of Florida, now reads:
316.193 Driving under the influence; penalties. 
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired;
... .
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
... .
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Not surprisingly, Magaw contends that the amended statute has added an element of causation to the crime, whereas the state suggests that the amendment was merely cosmetic and made no substantive changes. There is some merit in both arguments because the meaning of the statute both before and after the amendment has not been entirely clear. In order to convict under the new statute, it is necessary to prove that the operation of a vehicle by a person under the influence caused the death of another, thereby suggesting the requirement of causation. On the other hand, the old statute which provided for conviction if the death of any human being was caused by the operation of a motor vehicle by an intoxicated person has been consistently construed as not requiring proof of causation.
In construing a statute which is susceptible to more than one interpretation, it is often helpful to refer to legislative history. Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951). In this case, the legislative history is most persuasive. The staff analysis prepared by the House of Representatives Committee on Criminal Justice with reference to the 1986 amendment stated in part:
This bill repeals the DWI statute altogether. There would only be one standard for courts to follow. The provisions for penalties for manslaughter and accidents with serious bodily injury would now fall under DUI.
The changes are significant in two ways. First, intoxication or deprivation of full possession of normal faculties is no longer an element to be proved for a manslaughter conviction; it would be sufficient to prove that a person was under the influence of alcohol to the extent his normal faculties were impaired. Secondly, there now must be a "causal connection" between the operation of the vehicle by the offender and the resulting death.
... .
This legislation requires a causal connection between the driver's conduct (the operation of a motor vehicle) and the resulting accident. Since Cannon v. State was decided in 1926 the Florida Supreme Court has consistently held the offense of DWI manslaughter to be a strict liability crime. In Baker v. State, 377 So.2d 17 (1979) the Florida Supreme Court stated "statutes which impose strict criminal liability, although not favored, are nonetheless constitutional." However, as Justice Boyd pointed out in his dissenting opinion in that case,
"Under this law as construed by the Court today, the following application *567 is possible. An intoxicated person drives an automobile to an intersection and properly stops at a stop light. While there in a stationary position, the vehicle is struck from behind by another automobile due to negligent operation by the driver. The negligent driver dies from injuries received in the collision. The completely passive, nonnegligent but intoxicated motorist can be convicted of DWI manslaughter and imprisoned for fifteen years."
This bill would insert the element of causation into the definitions of DUI crimes which call for increased penalties due to accidents involving serious bodily injury or death.
Staff of Fla.H.R.Comm. on Crim.Just., DUI [HB 8-B] Staff Analysis 4, 7-8 (June 18, 1986). The debate on the floor when the Senate adopted this bill on June 19, 1986, is also instructive.
SENATOR LANGLEY: There was one intent question we needed on the bill I wanted to address to Senator Weinstein, Mr. President.
MR. PRESIDENT: Okay. Senator Weinstein takes the floor and yields to a question.
SENATOR LANGLEY: Senator Weinstein, the bill analysis says, and I understand the language on page three, I believe, is supposed to put into the new law that causation is necessary rather than just intoxication on vehicle homicide. Is that correct, sir?
SENATOR WEINSTEIN: Senator Langley, that  page five I think you're referring to.
SENATOR LANGLEY: Yes, sir.
SENATOR WEINSTEIN: The new language does have the word cause, and I think it's the intent of the drafters of the bill that causation be a factor in a DUI manslaughter conviction.
Fla.S., transcript of proceedings at 4 (June 19, 1986) (HB 8-B). We also note that Senate Bill 1218 which specified that negligence and proximate cause were not elements of manslaughter under section 316.193 was introduced during the 1986 legislative session but failed to pass.
In view of the history of chapter 86-296, the legislative intent is clear. We conclude that the 1986 amendment introduced causation as an element of the crimes proscribed by section 316.193(3).[2] We caution, however, that the statute does not say that the operator of the vehicle must be the sole cause of the fatal accident. Moreover, the state is not required to prove that the operator's drinking caused the accident. The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice.
Notwithstanding our interpretation of the new statute, Magaw cannot prevail. The amendment to the statute did not become effective until October 1, 1986, almost three months after the date of Magaw's accident. Magaw's contention that, in passing the 1986 amendment, the legislature simply made clear what it always intended the statute to mean is totally unpersuasive. On several occasions this Court specifically ruled that the old statute did not require causation and invited the legislature to make the change if it were deemed advisable. By amending the statute in 1986, the legislature has now chosen to do so. This does not affect accidents which occurred prior to the effective date of the amendment.
We answer the certified question in the negative but affirm Magaw's conviction.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[1] Actually, the amendment to the statute at issue in the instant case became effective the day before the Armenia opinion was released. However, the amendment was not mentioned in the opinion because it did not bear on the disposition of the case.
[2] While this opinion has discussed only manslaughter by intoxication, our construction of the current statute necessarily encompasses the proof required to convict of the lesser crimes under section 316.913(3).