553 So.2d 793 (1989)
June Elaine SATTERFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2383.
District Court of Appeal of Florida, First District.
December 20, 1989.
Roy M. Kinsey, Jr., of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.

*794 ON REHEARING
THOMPSON, Judge.
The State's motion for rehearing is granted. The opinion heretofore filed is withdrawn and the following is substituted.
Satterfield appeals her conviction and sentence for DUI manslaughter and her conviction of DUI (driving under the influence). She contends, inter alia, that the trial court erred in granting the state's requested instruction on causation, in denying her requested instruction on causation, and in refusing to vacate her conviction for DUI. We agree and reverse.
An information was filed charging Satterfield in Count I with DUI manslaughter, § 316.193(3)(c)3, Fla. Stat. (1987), and in Count II with driving under the influence (DUI), § 316.193, Fla. Stat. A jury trial was held and a verdict of guilty was returned on both counts. On Count I the trial judge sentenced Satterfield to be imprisoned for a term of three years followed by three years probation. On Count II he withheld the imposition of sentence and placed her on probation for a period of one year to run concurrently with the probation imposed in Count I.
Satterfield first contends that the trial court erred in granting the state's requested instruction that it was not necessary to prove a causal relationship between the manner of operation of defendant's motor vehicle while intoxicated and the death of the victim, in order for Satterfield to be found guilty of DUI manslaughter. She further contends the court erred in refusing to give her requested instruction that it was necessary to prove a causal relationship. Although § 316.193(3)(c), Fla. Stat., had previously been amended in 1986, there was uncertainty at the time this case was tried as to whether the amended statute required proof of a causal relationship. The case law existing at time of trial from both the Supreme Court of Florida and this court held that it was not necessary to prove a causal relationship to convict a person of DUI manslaughter. Armenia v. State, 497 So.2d 638 (Fla. 1986); Baker v. State, 377 So.2d 17 (Fla. 1979); and Magaw v. State, 523 So.2d 762 (Fla. 1st DCA 1988) (Magaw I). Satterfield contends that the amended statute required a showing of causation in order to convict a person for the crime of DUI manslaughter. The state contended, and the trial judge agreed, that the 1986 amendment was merely for the purpose of clarification and it made no substantive change in the law. Although in Magaw I this court held that proof of causal relationship between the manner of operation of defendant's motor vehicle while intoxicated and death of the victim was unnecessary in order to convict the defendant of DUI manslaughter, it did certify the following question to the Supreme Court of Florida:
Is the holding of Armenia v. State, 497 So.2d 638 (Fla. 1986) still valid in light of section 316.193(3)(c), Florida Statutes (Supp. 1986)?
In reaching his decision in the instant case the trial judge did not have the benefit of the supreme court's answer to the certified question which came in Magaw v. State, 537 So.2d 564 (Fla. 1989) (Magaw II). In that decision the supreme court answered the certified question in the negative and held that the prior decisions holding a showing of no causal relationship necessary were no longer valid in light of amended § 316.193(3)(c), Fla. Stat. (1986). In view of the supreme court's decision in Magaw II it is necessary that we reverse the trial judge's decision to grant the state's requested instruction on causal relationship, and to deny the defendant's requested instruction on causal relationship.
Satterfield also contends that her conviction of DUI manslaughter under Count I and DUI under Count II violate her double jeopardy rights under the United States and Florida Constitutions. The state agrees that DUI is a necessarily lesser included offense of DUI manslaughter and that separate convictions and sentences are not permitted. The state, however, contends that because the separate conviction for DUI was not scored on her scoresheet, any error is harmless. We cannot agree with the state's contention. Although the issue is now moot in this case *795 because of our reversal on other grounds, on retrial if found guilty by a jury of both counts the defendant should not be convicted or sentenced for both DUI manslaughter and the necessarily lesser included offense of DUI. Even if the conviction for DUI is not scored at sentencing, it could be considered later if she violated her probation or was subsequently convicted of another crime. The court did not err in refusing to give Satterfield's requested instruction on justifiable homicide.
REVERSED and REMANDED for new trial.
SMITH, J., and WILLIS, BEN C. (Ret.), Associate Judge, concur.