PER CURIAM.
O’Hara appeals his conviction and sentence for DUI manslaughter. He contends that the trial court abused its discretion by granting the state’s motion in limine precluding his defense based on causation, by permitting two troopers to testify as experts, by denying his requested instruction on causation, and by instructing the jury regarding a blood alcohol level presumption. We agree as to the first issue and reverse without addressing the remaining issues raised on appeal.
As this court noted in Satterfield v. State, 553 So.2d 793 (Fla. 1st DCA 1989), uncertainty existed at the time these cases were tried as to whether the amended statute, section 316.193(3)(c) Florida Statutes (1986), required proof of a causal relationship. Like the trial judge in Satterfield, the trial judge in the instant case did not have the benefit of the supreme court’s answer to this court’s certified question in Magaw v. State, 537 So.2d 564 (Fla.1989). In Magaw, the Supreme Court held that prior decisions holding a showing of no causal relationship necessary were no longer valid in light of the amended statute. We caution, as did the supreme court in Magaw, however:
that the statute does not say that the operator of the vehicle must be the sole cause of the fatal accident. The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice. (Emphasis added).
Magaw v. State, 537 So.2d at 567. In accordance with Magaw, it is necessary that we reverse the trial court’s decision to grant the state’s motion in limine excluding the issue of causation and remand for a new trial.
SMITH, ZEHMER and MINER, JJ., concur.