**RITCHIE v STATE OF FLORIDA**

Case No. 90-6AC

Twelfth Judicial Circuit, Manatee County

November 9, 1990

**APPEARANCES OF COUNSEL**

Office of the Public Defender, for appellant.

Office of the State Attorney, for appellee.

**OPINION OF THE COURT**

THOMAS M. GALLEN, Circuit Judge.

*ORDER REMANDING CASE TO COUNTY COURT*

This matter is before the circuit court on appeal. The appellant ("Ritchie") appeals her conviction and sentence for both DUI with Property Damage and DUI (driving under the influence). She contends the trial court erred in convicting and sentencing her for both offenses. The court agrees and remands the case for resentencing.

After her car damaged another car in an accident, Ritchie was charged by Uniform Traffic Citation with one count of DUI, § 316.193, Fla. Stat. (1989), and one count of DUI with Property Damage,

§ 326.193(3)(c)1, Fla. Stat. A jury trial was held and verdict of guilty was returned on both counts. On Count I the trial judge sentenced Ritchie in accordance with county guidelines for a first DUI. On Count II Ritchie was sentenced in accordance with county guidelines for a second DUI conviction.

As will be discussed, a conviction of DUI under Count I and DUI with Property Damage under Count II cannot be sustained when in fact only one criminal offense has occurred.

Section 775.021, Fla. Stat., sets forth the rules of construction for criminal penalties. It states in pertinent part:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitutes one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. *Exceptions* to this rule of construction are:

. . .

(3) *Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.* (Emphasis added).

The Florida Supreme Court last year adopted a new schedule of lesser included offenses. *In re Standard Jury Instructions in Criminal Cases,* 543 So.2d 1205 (Fla. 1989). As listed in that opinion, § 316.193(1), Fla. Stat., (DUI) is a "category 1," or necessarily lesser included offense of § 316.193(3)(c)1, Fla. Stat., (DUI with Property Damage). *Id.* at 1240.

Three cases illustrate that an offense coupled with a necessarily lesser included offense cannot give rise to more than one conviction or sentence. In *Bell v State,* 437 So.2d 1057 (Fla. 1983), the defendant had been charged by information with trafficking in illegal drugs, sale of a controlled substance and possession of a controlled substance. He was convicted of all counts and sentenced on all counts. The Florida Supreme Court held that a defendant could not be convicted of the

18

greater offense of trafficking in illegal drugs as well as the lesser offenses of sale and possession of a controlled substance. The court stated:

> [T]he explicit exclusion of lesser included offenses in section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed. *Id.* at 1058, citing *State v Borges*, 415 So.2d 1265, 1267 (Fla. 1982). The court explained that multiple convictions in a single trial setting produce detrimental effects, including exposing the defendant to an enhanced sentence. *Id.* at 1059. The court squarely held:

> [O]nce it has been established that an offense, whether charged or not, and whether in single or separate proceedings, is a lesser included offense of a greater offense also charged, then the double jeopardy clause proscribes multiple convictions and sentences for both the greater and lesser included offenses. *Id.* at 1061.

In *Garcia v State*, 476 So.2d 170 (Fla. 1985), the defendant was convicted of armed robbery and use of a firearm during commission of a felony. The district court certified this question: "Whether one can be convicted, although not sentenced, of a lesser included offense after he has been convicted of the greater crime?" The Florida Supreme Court answered in the negative, holding that one can neither be convicted of nor sentenced for a necessarily lesser included offense. *Id.* at 171.

Most recently, in *Satterfield v State*, 553 So.2d 793 (Fla. 1st DCA 1989), a defendant was charged by information with one count of DUI manslaughter and one count of DUI. A jury returned a guilty verdict on both counts. The defendant was sentenced on the first count, but sentencing was withheld in the second count. Both prosecutor and defense agreed that DUI was a necessarily lesser included offense of DUI manslaughter, and that separate convictions and sentencing were not permitted. *Id.* at 794. However, the state contended that, since the separate DUI conviction was not scored on the scoresheet, any error was harmless. The district court did not agree. The court noted that even if the conviction were not scored, it could be considered later if the defendant violated probation or was subsequently convicted of another crime. *Id.* at 795.

The cases relied on by the state in this appeal are clearly distinguishable. Those cases only spoke to situations where there were multiple convictions for multiple victims or for multiple cases of property damage. In *Pulaski v State*, 540 SO.2d 193 (Fla. 2d DCA 1989), cited by the state, the court specifically noted that separate convictions and

**19**

sentences are appropriate for each person injured by the intoxicated driver. *Id.* at 194. However, in the case *sub judice,* there is only one instance of property damage by Ritchie. It is therefore:

ORDERED AND ADJUDGED that this case be remanded to the trial court for sentencing as a first conviction on the DUI with Property Damage count only, with sentencing and conviction on the DUI count vacated since that count is a necessarily lesser included offense of Count I.

DONE AND ORDERED in Chambers at Bradenton, Manatee County, Florida, this 9th day of November, 1990.