ANSTEAD, Judge,
dissenting.
I believe the trial court erred in giving jury instructions which minimized the *764 state’s burden of proof in this DUI manslaughter case. While there is proof to support a finding against appellant, there was also substantial evidence that the conduct of the driver of the other vehicle was the principle cause of the accident. The trial court also refused to admit evidence that the failure to secure the child victim in the other vehicle in a child restraint seat caused the victim’s death.
At trial, in addition to the elements of this statutory offense, the trial court gave instructions to the jury based upon dicta from the opinion in Magaw v. State, 537 So.2d 564 (Fla.1989). In Magaw, the supreme court acknowledged that a 1986 amendment to the DUI manslaughter statute added a requirement that the state prove the defendant operated his vehicle in such a way as to cause the death of the victim.[1] While so holding, the opinion also commented on what the state had to prove and what it did not have to prove under the amended version of the statute. The amendment did not benefit Magaw, however, since his case arose several months before the amendment to the statute. Hence, the holding of the case was that Magaw’s conviction under the prior strict liability version of the statute would stand. However, I do not believe the supreme court in Magaw intended its comments in dicta be used as jury instructions.
The instructions given by the trial court stated:
The State has the burden of proving beyond a reasonable doubt that the Defendant’s operation of the vehicle caused the accident, however, the State need not prove that the Defendant was the sole cause of the accident, nor must the State prove that the Defendant’s drinking caused the accident.
The law requires only that the operation of the vehicle should have caused the accident, any deviation or lack of care on the part of an operator who is under the influence to which the fatal accident can be attributed is sufficient to prove causation.
These instructions are reminiscent of those used many years ago in civil cases, before standard instructions were drafted, when a trial judge would give one instruction that seemed to favor the plaintiff, and another that would favor the defendant. These “slanted” instructions were often “negative” in character and would give with one hand and take away with the other:
One of the unfortunate roles assumed by trial judges in the past is that of advocating both sides of the case by reading to the jury a series of argumentative charges favoring one side of the case and then, “on the other hand,” reading another series of equally argumentative charges favoring the other side of the case. It has been the Committee’s purpose to omit such argumentative charges and to remove all advocacy from the charge. It was with this purpose in mind that the Committee recommended, among other things, that the automobile not be characterized as a “dangerous instrumentality” (comment on 3.3a) and that the court not warn the jury not to infer negligence from the “mere fact of accident” (4.1).
Fla.Std.Jury Instr. (Civ.), p. XX. The only thing that could be said favorable about this process, assuming counsels’ diligence, *765 was that at least it was balanced. In the case at hand, there was no balance.
In most instances an instruction outlining the statutory elements of the crime charged should suffice to inform the jury of the state’s initial burden. Here, section 316.193, Florida Statutes (1989), contains a clear statement of such elements. If a further instruction is to be given, it should be both neutral and balanced. An example of a neutral and balanced instruction on causation is contained in the civil jury instruction on legal causation, which provides:
a. Legal cause generally:
Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.
Fla.Std.Jury Instr. (Civ.) 5.1(a). This instruction obviously requires, in a civil setting, that a defendant’s fault contribute “substantially” to producing the injury. It is doubtful that the legislature would require less in a criminal prosecution.
The gist of the instructions given here was that the state need “only” prove defendant’s conduct constituted any contributing cause to the accident, however slight. Despite appellant’s request therefor, the instructions contained no statement that the cause must be a substantial factor in bringing about the death. The jury in this case actually returned and requested a rein-struction on causation, and the prior instructions were simply repeated. The instructions were an open invitation to the jury to find appellant guilty.
I would also hold that the trial court erred in excluding evidence that the death of the minor victim may have been caused by the failure to secure him in a child restraint seat. A jury charged with determining the criminal responsibility for a death should not be deprived of relevant evidence as to the cause of death. This is especially important where there is a substantial dispute as to appellant’s role in causing the death of the victim. Cf. Frazier v. State, 559 So.2d 1121 (Fla.), cert. denied sub nom. Frazier v. Dugger, 498 U.S. 834, 111 S.Ct. 102, 112 L.Ed.2d 73 (1990).

. 316.193 Driving under the Influence; penalties.—
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a)The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired;
******
(3) Any person:
(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
******
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.