THREADGILL, Acting Chief Judge.
The State challenges an order which finds the offense of driving without a license and causing death, as proscribed by section 322.34(6)(a), Florida Statutes (1997)-formerly section 322.34(3)(a) — to be unconstitutional. We reverse.
In December 1997, the appellee, Raymond A. Brown, was operating a motor vehicle on a public highway and became involved in an accident, which resulted in the death of another person. At that time, Brown was twenty-one years old and had never applied for a driver’s license. In January 1998, with respect to the foregoing incident, Brown was charged by information with driving without a license and causing death, a third-degree felony pursuant to section 322.34(6)(a), Florida Statutes (1997), count one; and fleeing the scene of an accident involving death, count two. Thereafter, he filed a motion to dismiss count one of the information, arguing that section 322.34(6)(a) was unconstitutionally vague, and that it was overbroad on its face and as applied. Those alleged constitutional infirmities were based on Brown’s claim that the statute, in effect, criminalized simple negligence and was therefore violative of constitutional due process.
After a hearing in June 1998, the trial court essentially found that section 322.34(6)(a) violates “due process constraints against vagueness,” in that it criminalizes simple negligence which results in death in all cases where the negligent driver is operating a motor vehicle without a license. The trial court concluded that the offense of driving without a license and causing death is distinguishable from driving while license suspended, revoked, or canceled and causing death under section 322.34(6)(b) (formerly section 322.34(3)(b)), which was found to be constitutional in State v. Smith, 638 So.2d 509 (Fla.1994), because that proscription applies selectively. The trial court ultimately determined that section 322.34(6)(a) does not apply selectively and that there is therefore no rational basis for bootstrapping simple negligence which results in death to the offense of driving without a license, so as to create a felony. Based on that determination, the trial court dismissed count one of the information filed in this cause.
While it is true that simple negligence, standing alone, cannot constitute a criminal act, simple negligence can be used to enhance the penalty for other conduct that constitutes a willful criminal act. See Smith, 638 So.2d at 510. For instance, “knowingly driving with a suspended, canceled, or revoked driver’s license ... is indeed a willful act in clear violation of the law.” Id. Knowingly operating a motor vehicle in this state without a license because an individual has never applied for one is likewise a willful act in clear violation of the law. See § 322.03, Fla. Stat. (1997); see also Waites v. State, 702 So.2d 1373 (Fla. 4th DCA 1997)(knowingly driving without a license is the proscribed conduct; thus, the offense of driving without a license is not committed unless the defendant actually knows).
Smith addresses only the criminal act of driving while license suspended, revoked or canceled and explains that that offense can only be selectively enhanced to a felony under section 322.34(3)(b)-now section 322.34(6)(b)-if the suspension, revocation, or cancellation of the accused’s license was based on some wrongdoing-as opposed, *1189 presumably, to some technical or administrative reason or glitch. Brown argues here that there is no comparable selectivity with respect to his offense of driving without a license where none has ever been applied for, because the fact that he does not have a license is unrelated to any wrongdoing. That argument is specious, at best, because the criminal act subject to enhancement in both cases is that of purposefully and willfully driving without a license in specific violation of state law. Thus, the DUI manslaughter analogy used in Smith, is also appropriate here. In that regard, Smith cited Magaw v. State, 537 So.2d 564, 567 (Fla.1989), which stated that
[Under the DUI manslaughter statute,] the state is not required to prove that the operator’s drinking caused the accident. The statute requires only that the operation of the vehicle ... caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the ... accident can be attributed will suffice.
Smith, 638 So.2d at 510. Smith then went on to state that
it is the willful act of choosing to drive a vehicle under the influence or with a suspended, canceled, or revoked license that is the criminal conduct being punished. In both instances, the legislature has simply made a policy decision that anyone who engages in the prohibited criminal conduct and who, while engaging in that prohibited criminal conduct, negligently injures another, is guilty of a more severe crime.
Id. The same is true and otherwise applies in the instant case. Driving without having complied with the licensing procedures of this state is a criminal offense. See § 322.03, Fla. Stat. (1997); see also Waites. The legislature has simply made a policy decision that anyone who engages in that prohibited criminal conduct and who, while engaging in such, negligently kills or injures another, is guilty of a more severe crime. See § 322.34(6)(a).
In State v. Barnes, 686 So.2d 633, 636-37 (Fla. 2d DCA 1996), this court explained:
“[VJagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts at hand.” (citation omitted). In line with this undertaking, we must be guided by several well-established principles of constitutional adjudication, one of which is that “[t]here is a presumption of constitutionality inherent in any statutory analysis.” (alteration in original) (citation omitted).
[O]ur principal focus is [therefore] whether ... the statute “is so vague and lacking in ascertainable standards of guilt that, as applied [to a given defendant], it failed to give ‘a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.’ ” (citations omitted). If he failed to sustain this burden then his vagueness claim grounded on the due process clause must fail in that “[o]bjeetions to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk.” (alteration in original) (citations omitted).
[A] statute is not “automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within [its] language.” (second alteration in original) (citation omitted). When a person has received fair warning from a criminal statute that certain conduct is prohibited, that person may not attack the vagueness of the statute simply because it does not give “similar fair warning with respect to other conduct which might be within its broad and literal ambit.” (citation omitted). [This is because] constitutional rights are personal and may not be asserted vicariously, (citation omitted). Hence, “[o]ne to whose conduct a statute clearly applies may not successfully challenge it for *1190 vagueness.” (alteration in original) (citation omitted). Accordingly, in evaluating a vagueness claim in which First Amendment rights are not at issue, “[a] court should [first] examine the complainant’s conduct before analyzing other hypothetical applications of the law.” (alternation in original) (citation omitted).
Additionally ... to sustain a vagueness challenge to a criminal statute in which First Amendment rights are not involved, it is not enough to show that the legislature could have used more precise language in drafting the statute.
In the instant case, section 322.34(6)(a) does not involve First Amendment freedoms. It also cannot be said to be so vague and lacking in ascertainable standards of guilt as to fail to inform a person of ordinary intelligence of what conduct is forbidden. Section 322.34(6)(a) clearly provides that one who operates a motor vehicle on the roadways of this state without complying with prescribed licensing procedures in accord with section 322.03, shall be guilty of a third-degree felony if his negligence in the unauthorized operation of the vehicle results in the death of another. The violative conduct of which Brown has been accused falls squarely within the clearly articulated proscription of the statute. Thus, according to Barnes, Brown’s challenge to the unconstitutional vagueness of the statute here cannot stand.
Based on the foregoing, this cause is reversed and remanded. On remand, count one of the information shall be reinstated and further proceedings conducted in accord therewith.
PARKER and STRINGER, JJ., Concur.