IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH STEWART,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4115

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Joseph Stewart, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Lauren L. Brudnicki, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse and remand the denial of grounds one and three of the motion. We otherwise affirm the order on appeal.

In 2010, following a jury trial, the appellant was convicted of DUI manslaughter, two counts of DUI with bodily injury and leaving the scene of an

accident with property damage, and was sentenced to a total of 25 years' imprisonment. He filed a postconviction motion alleging three grounds for relief. In ground one, the appellant asserted that counsel was ineffective for advising him to reject a favorable plea offer of 12-14 years' imprisonment when counsel did not have a reasonable defense planned. In ground three, the appellant asserted the related claim that counsel was ineffective for conceding all the elements of the DUI manslaughter and DUI with bodily injury. Cf. Fla. Std. Jury Instr. 7.8 (the elements of DUI manslaughter are: (1) the defendant drove, (2) while intoxicated (more than .08 BAC), and (3) "as a result of operating the vehicle, (defendant) caused *or contributed to* the cause of the death of [the victim].") (emphasis added).

The appellant argued that counsel conceded each element of DUI manslaughter and DUI with bodily injury, with the exception of the appellant causing or contributing to the accident. But even there, he argues that it was unreasonable to go to trial contesting that element while knowing that the defense expert would testify the appellant was traveling 65-70 miles per hour (25 mph more than the speed limit). In effect, his counsel conceded the "cause or contribute" element of the offense by introducing the speed evidence through the expert (which the expert later conceded on cross examination to have "contributed to the crash"). See Magaw v. State, 537 So. 2d 564, 567 (Fla. 1989) ("[T]he statute does not say that the operator of the vehicle must be the *sole cause* of the fatal

2

accident. . . . [Rather] *any deviation or lack of care* on the part of a driver . . . to which the fatal accident can be attributed will suffice.") (emphasis added); Robitaille v. State, 942 So. 2d 440 (Fla. 4th DCA 2006) (concluding that a defendant was not prejudiced by counsel's failure to object to certain testimony in a DUI manslaughter case because other evidence showed that the defendant was under the influence, "was driving too fast," and was "racing up the street."). The State then highlighted the defense expert's concession in its closing argument.

The record does not contain any documents refuting the appellant's claim that counsel was deficient, or demonstrating that the appellant was not prejudiced as a result. Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing on grounds one and three of the appellant's motion.

AFFIRMED in part, and REVERSED and REMANDED in part, with instructions.

LEWIS, C.J., THOMAS, and OSTERHAUS, JJ., CONCUR.