548 So.2d 829 (1989)
Frederick WILLIAMS, Appellant,
v.
WINN-DIXIE STORES, INC., a Corporation, and Carr-Tech Industries, Inc., a Corporation, Appellees.
No. 89-356.
District Court of Appeal of Florida, First District.
September 8, 1989.
John P. Stone, Jr., Jacksonville, for appellant.
Rutledge Liles and David Etheridge, Jacksonville, for appellee Winn-Dixie Stores, Inc.
Samuel H. Lanier, Jacksonville, for appellee Carr-Tech Industries, Inc.

ORDER ON MOTION TO STRIKE INITIAL BRIEF
PER CURIAM.
Appellee has moved to strike the initial brief of appellant as violative of Rule 9.210, *830 Florida Rules of Appellate Procedure. We agree that the statement of the case and facts is unduly argumentative and contains matters immaterial and impertinent to the controversy between the parties. Additionally, the index to the brief lists nine points on appeal, but in the argument section, appellant fails to specifically denominate these nine points to provide for "argument with regard to each issue" as required by Rule 9.210(b)(5), Florida Rules of Appellate Procedure. Accordingly, we grant the motion to strike.
We write to call attention to the fact that the citations to the record contained in the initial brief are also inadequate. Rule 9.210(b)(3), Florida Rules of Appellate Procedure, requires references to the appropriate pages of the record or transcript. Appellant's statement of the case and facts fails to comply with this rule. For example, appellant uses three pages to summarize the testimony he gave at trial. There is not one reference to the record throughout those three pages. At the end of the summary of the testimony, appellant has a parenthetical reference which states "Williams' testimony, as stated above, is at transcript volume 1, page 94, line 22 to page 160, line 12." One citation to 66 pages of testimony to support three pages of factual recitation is inadequate for purposes of review of the merits of this appeal.
Appellee's motion to strike is granted. Appellant shall serve an amended initial brief within ten days which deletes all legal argument contained in the statement of the case and facts, specifically denominates the nine points on appeal in the argument section of the brief and makes pinpoint citations to the record on appeal to substantiate each statement made in the brief.
JOANOS, ZEHMER and MINER, JJ., concur.