562 So.2d 710 (1990)
Jo-el Paula NAUMOWICZ, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2137.
District Court of Appeal of Florida, First District.
April 10, 1990.
Rehearing Denied July 5, 1990.
*711 Roy M. Kinsey, Jr. of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Jo-el Paula Naumowicz has appealed from a conviction of DUI manslaughter. We affirm as to all issues raised, of which only two require further discussion.
The evidence herein shows that, at 9:00 P.M. on an October evening in 1987, Naumowicz and several friends gathered at the apartment Naumowicz shared with Jennine Juhacz. In the course of the next five hours, Naumowicz (who ate nothing of substance during the entire evening), Juhacz and two of their guests consumed approximately 36 12-ounce cans of beer, some of which were drunk during the playing of a board game requiring participants to "guzzle" beer. Although no one testified as to the exact number of beers consumed by Naumowicz herself, one witness placed the number at "less than 15."
The party broke up at 2:00 A.M., and five guests piled into Naumowicz's car for rides home. None of the surviving passengers testified that Naumowicz acted as though her faculties were impaired, although one passenger was sufficiently concerned to inquire of Naumowicz as to her ability to drive safely. After dropping off a passenger at the La Mirage subdivision, Naumowicz, who was familiar with La Mirage from numerous previous visits, proceeded to the subdivision exit.
Traffic exiting La Mirage is controlled by a stop sign at the intersection with Spanish Trail, a brightly lighted four-lane road. However, an expert witness testified that, given the speed of the Naumowicz vehicle at the time of the collision, Naumowicz could not have stopped at that stop sign. Her vehicle proceeded into the intersection, where it was struck by a car travelling on Spanish Trail. Jennine Juhacz was killed instantly, and Naumowicz herself was so badly injured that police were forbidden by emergency personnel from drawing blood for alcohol testing at that time. A blood sample drawn at the hospital some 1 1/2 hours later indicated a blood alcohol level of .154. Expert testimony indicated that, given that figure, her blood alcohol level at the time of the accident could have been anywhere from .08 to .17.
Christopher Work was the 17-year old driver of the car which struck Naumowicz's vehicle. The evidence showed that he, too, had been drinking during the evening, to the point where he was concerned about his ability to drive safely. Work was driving on Spanish Trail at approximately 20 miles per hour in excess of the posted speed limit when he struck the Naumowicz car; he was also killed instantly.
Naumowicz was subsequently charged with DUI manslaughter of Juhacz and Work, contrary to Section 316.193(3)(a), (c)3, Florida Statutes (1987). That statute provides that any person driving or in actual control of a vehicle who 1) is under the influence of alcoholic beverages to the extent that his normal faculties are impaired or 2) has a blood alcohol level of 0.10 percent or higher, who operates a vehicle, and by reason of such operation causes the death of any human being, is guilty of DUI manslaughter. At the close of the state's case herein, the defense unsuccessfully moved for a judgment of acquittal, arguing that the state had failed to make a prima facie case that Naumowicz's faculties were *712 impaired or that she had a blood alcohol level of .10 or more at the time of the accident.
The jury was thereafter instructed, in pertinent part, that
for purposes of prosecution for the offense of DUI manslaughter, conduct by the deceased, Christopher Work, can neither add to nor subtract from the Defendant's conduct, and it does not bear on the issue of causation unless it was the sole direct cause of the accident. If you find the conduct of the deceased, Christopher Work, was the sole direct cause of the accident, you should find the Defendant not guilty of the charge of DUI manslaughter. If, however, you find beyond a reasonable doubt that the conduct of the deceased was not the sole direct cause of the accident, then the element of causation has been proved by the State and if the State has proven all of the other elements of this offense beyond a reasonable doubt, then you should find the Defendant guilty of DUI manslaughter.
In other words, before you can find the Defendant guilty of DUI Manslaughter, the State must prove beyond a reasonable doubt, among other things, that the Defendant's deviation or lack of care in the operation of her automobile attributed to the fatal accident in which Christopher Work was killed.
The jury was also instructed, without objection, that
[a] separate crime is charged in each count of the information, and while they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.
The jury proceeded to find Naumowicz guilty as charged in the death of Jennine Juhacz, but acquitted her in the death of Christopher Work. The defense thereafter unsuccessfully moved for new trial, alleging in pertinent part the trial court's failure to grant the judgment of acquittal, and the legal inconsistency of the verdicts. With regard to the latter allegation, the defense argued that, in order to acquit as to Christopher Work, the jury must have found, in accordance with its instructions, that Work's conduct was the sole cause of the accident. Contending that this was the equivalent of a finding that the state had failed to prove that Naumowicz's operation of her vehicle had caused the accident, the defense argued that she should also have been acquitted in the death of Jennine Juhacz.
With regard to her motion for judgment of acquittal, Naumowicz contends that the state's evidence on the issues of impairment and blood alcohol level was entirely circumstantial and insufficient to exclude her hypothesis of innocence, i.e. that, at the time of the accident, her normal faculties were not impaired and that her blood alcohol level was not 0.10 percent or higher. § 316.193(1)(a) and (b), Fla. Stat. (1987). However, in a circumstantial evidence case, the state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. State v. Law, 559 So.2d 187, 189 (Fla. 1989).
Further, a party moving for judgment of acquittal admits the facts and evidence adduced, as well as every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence. Williams v. State, 531 So.2d 212, 216 (Fla. 1st DCA 1988) (emphasis supplied). Here, the evidence, taken in a light most favorable to the state, showed that Naumowicz drank a large quantity of beer steadily over the five hour period preceding the fatal accident (in fact, she had a cup of beer with her at the time of the accident), that she drank on a virtually empty stomach, and that at least part of her drinking took place during a board *713 game requiring participants to "guzzle" beer. There was testimony that drinking quickly on an empty stomach would increase the effect of alcohol on the system. Further, expert testimony indicated that Naumowicz failed to heed the stop sign at an intersection with which other evidence showed she was familiar.
Finally, the evidence showed that, 1 1/2 hours after the accident, Naumowicz's blood alcohol level was 0.154 percent. While retrograde analysis could place her blood alcohol level only within a 0.08 to 0.17 percent range at the time of the accident, the jury could reasonably infer from the totality of the evidence as outlined above, that Naumowicz's faculties were impaired because of the alcohol consumption at the time of the accident. We find therefore that the state introduced competent evidence inconsistent with the defendant's theory of events, and that it was proper to submit the case to the jury for its determination of whether that evidence was sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. Law. The motion for judgment of acquittal was properly denied.
We also find that the jury's verdicts herein were not fatally inconsistent, as Naumowicz alleges. The general rule is that inconsistent verdicts are permitted, Gonzalez v. State, 449 So.2d 882, 887-88 (Fla. 3d DCA), pet. for rev. den., 458 So.2d 274 (Fla. 1984), and that a verdict on one count is not flawed by being inconsistent with a verdict on another count. Streeter v. State, 416 So.2d 1203, 1206 (Fla. 3d DCA 1982). In fact, the jury's right to return inconsistent verdicts is embodied in Standard Jury Instruction 2.08(a), which was given in this case:
A separate crime is charged in each count of the information and while they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime charged.
The only exception to the proposition that separate counts must be viewed independently is limited to instances where what the jury fails to find in one count vitiates a guilty verdict on a separate count to the benefit of the defendant, Streeter at 1206, n. 3 (emphasis in original). For example, an acquittal of an underlying felony effectively holds the defendant innocent of a greater offense involving that same felony. Gonzalez, supra.
Naumowicz argues that it necessarily follows from the jury's verdict of not guilty with regard to the death of Christopher Work that the jury found Work's conduct to be the sole cause of the fatal accident, vitiating a guilty verdict as to Juhacz. However, this argument fails to acknowledge the principle that the power to return an inconsistent verdict, on which the jury was instructed, is necessarily included in its power of lenity, i.e., the power to dispense mercy. Damon v. State, 397 So.2d 1224, 1228 n. 10 (Fla. 3d DCA 1981). "If the jury decides upon a partial `pardon' and returns a verdict of guilty on one count and not guilty on another, it is certainly unwise to have a procedure which requires the judge to enter verdicts of acquittal on both counts if the verdict is found to be inconsistent." Damon at 1228, n. 10.
Here, the jury received evidence that both Naumowicz and Work, one of the decedents with whose death she was charged, operated their vehicles in a manner which contributed to the fatal accident. No such evidence was presented as to decedent Juhacz. It is therefore our opinion, after a review of the record and careful consideration of the arguments presented by the parties, that the jury's acquittal as to Work's death may not have been a finding that his conduct was the sole cause of the accident, but could have been an exercise of its power to pardon Naumowicz with regard to that death. We therefore affirm as to this issue.
Affirmed.
SMITH and WENTWORTH, JJ., concur.