CAMPBELL, Judge.
Appellant, David Sizensky, was convicted of DUI manslaughter and reckless driving. He argues on appeal that the court should have granted his motion for a judgment of acquittal on the DUI manslaughter charge because the state failed to present evidence of either impairment or of a blood/alcohol level (BAL) of .10 percent as required by section 316.193, Florida Statutes (1989). We agree with appellant that there was no view that the jury could lawfully take that would support a finding of impairment so as to uphold the conviction.
Appellant also argues that his conviction for reckless driving should be reversed solely on double jeopardy grounds. Since we reverse appellant’s conviction for DUI manslaughter, we do not address this point.
Section 316.193, Florida Statutes (1989), provides that in order to find a person guilty of DUI manslaughter, that person must be either: (1) Under the influence of alcohol to the extent that his normal faculties are impaired; or (2) have a BAL of .10 percent or higher. First, the record does not contain sufficient evidence of appellant’s BAL to convict him of DUI manslaughter. Two hours after the accident, appellant’s BAL was .13 percent. However, because appellant had ingested the alcohol so close to the time of the accident, Dr. White, a certified toxicologist, could not say that appellant’s BAL at the time of the accident was .10 percent.[1] He could only estimate a range of levels, from .04 to .22. In any event, the state conceded that it had failed to prove that appellant’s BAL was .10 percent or higher and asked the jury to convict based on impairment.
However, there was no evidence of impairment either. There was no testimony that appellant’s breath smelled of alcohol, that his eyes were bloodshot, that his speech was slurred or that he was unsteady on his feet. In fact, the record shows that appellant applied his brakes and started skidding 123 feet before the point of impact and continued to apply his brakes for another 93 feet. This fact coupled with the lack of other evidence negates a finding of impairment. In addition, appellant had just finished eating a large meal, tending to reduce the impact of the alcohol he did ingest. (Compare Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 289 (Fla.1991) [defendant had been drinking for five hours on an empty stomach].)
Dr. White testified that, based upon appellant’s BAL two hours after the accident, *289 appellant had probably had four to eight beers. Appellant testified that he had had three or maybe four beers. The only evidence against appellant was that he was speeding. His speed was estimated at sixty-eight miles per hour, twenty-three miles per hour over the posted limit. However, it is self-evident that the presence of excessive speed alone, in the absence of any other factors, does not show that alcohol impaired the driver’s faculties.
Although a BAL of between .05 and .10 may be used to show impairment if there is other competent evidence of impairment (§ 316.1934(2)(b), Fla.Stat. (1989)), there simply was no other competent evidence of impairment here.
We, therefore, reverse and vacate appellant’s conviction for DUI manslaughter.
RYDER, A.C.J., and PARKER, J., concur.

. We note parenthetically that there is no question here as to the admissibility of appellant’s BAL, so that the discussion in Miller v. State, No. 75,708, 1991 WL 188307 (Fla. Sept. 26, 1991) [16 F.L.W. S627], regarding admissibility of the BAL, does not apply. However, as in Miller, the state could not obtain a valid conviction based solely on appellant's BAL because appellant’s BAL may have been below the legal limit at the time of the accident. The Miller court observed: "Such testimony creates reasonable doubt that would preclude a conviction unless there is other credible evidence to sustain that conviction beyond a reasonable doubt. If this other evidence did not exist on the record, the trial court would have no choice but to direct a judgment of acquittal." * p. 3 (emphasis in original).