ON MOTION FOR REHEARING
KAHN, Judge.
Appellant’s motion for rehearing is denied; however, in response to the motion the following opinion is substituted for the initial opinion in this case.
Appellant, convicted below on one count of attempted second degree murder and three counts of aggravated battery, questions the sufficiency of the evidence to support these convictions. We affirm. Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988); Robinson v. State, 547 So.2d 321 (Fla. 5th DCA 1989).
With full knowledge that his only arguments on appeal concerned the sufficiency of the evidence, appellant offered the following “statement of the facts” with regard to his encounter with the victim of the attempted murder, Cherrina Lincoln:
On October 20, 1987, Cherrina Lincoln was at her mother’s apartment having been released from the hospital following a suicide attempt. (T2-84,87). Mr. Thompson, out of concern for Cherrina’s welfare and the status of their relationship, drove to the apartment to visit his fiance. (T3-213). He helped Valeria Lincoln carry her groceries into the two-story duplex. (T2-128). At some point later, during the course of conversation, *688 Cherrina’s sister, Valeria Lincoln, pointed a knife at Mr. Thompson and told him to leave (T2-107). He refused to leave the premises. (T2-107; T3-219). The police were called and Mr. Thompson left shortly after their arrival. (T2-69; T3-220-222).
Approximately thirty minutes later, Mr. Thompson returned to the apartment and forcibly entered the premises. (T2-70). Mr. Thompson walked into the bathroom and encountered Cherrina. (T2-72; T3-225). Mr. Thompson closed the bathroom door behind him and struck Cherri-na four times in the head, broke her hand and knocked out two front teeth. (T2-74-75; T3-226). Cherrina was not able to state what Mr. Thompson used to hit her. (T2-73,88). She stated that Mr. Thompson did not have a knife or gun with him that day. (T2-90). More importantly, Cherrina testified that Mr. Thompson did not at any time during the assault threaten to take her life. (T2-87,88).
The prosecutor solicited from Cherrina Lincoln that she was 7 to 8 weeks pregnant by Derrick Thompson at the time of the assault. (T2-92). As a result of some injuries received at the time, she elected to terminate the pregnancy. (T2-80). Since the assault, Cherrina Lincoln has repeatedly visited and corresponded with Derrick Thompson in jail. (T2-92).
The state rejected appellant’s statement of the facts “as being incomplete, based primarily on appellant’s testimony, and incorrect.” The answer brief filed by the state presents the following factual statements with citations to the record for every factual assertion:
Appellant and the victim were in the process of ending a relationship. (R 65). The victim, Cherrina, was avoiding the appellant out of fear. (T 81, 105). On the day in question she drove past both her father’s home and her sister’s home because she saw the appellant was there. (T 66-68, 106).
Later she returned to her sister’s home because she was told (falsely) that appellant was not there. (T 106). Appellant began a conversation with Cherrina during which he told her ‘If you think I’m going to let you leave me; your [sic] wrong, or, I’m going to get you.’ (T 87). He then began to poke at her and twist her arm, at this point Cherrina and her sister told him to leave. (T 107,108). When he refused one sister approached him with a knife while the other called the police (T 108). Appellant was ordered by the police to leave and he complied temporarily. He returned a short time later, and, after he was refused admittance he broke the door in. (T 108-110,182). He proceeded rapidly upstairs and forced his way into the bathroom where Cherrina was hiding. (T 113, 72). Once inside the bathroom, he removed a metal bar from his pocket and began to beat Cherrina about the head and face. At some point prior to leaving the bathroom he stepped on her face (T 75). His blows smashed in her front teeth and punctured her scalp (T 79), the scalp wounds took 40 stitches to close (T 78). Cherrina also sustained a broken hand and finger as she attempted to protect herself from appellant’s blows. She stated that although she did not see what he struck her with the object was blunt but had a sharp edge. (T 73,75).
As he left the bathroom, appellant encountered Cherrina’s sister, Valeria. Valeria had grabbed a knife and hurried upstairs when she heard Cherrina scream, ‘He’s going to kill me.’ (T 113). She was unable to assist her sister because she could not get the bathroom door open. (T 74, 114-116). As he exited the bathroom, appellant struck Valeria twice in the head with a metal bar that looked like a wrench. The blows knocked her to the ground. (T 116, 117). As he continued on his way out appellant encountered on the stairs Cherrina’s other sister and Valeria’s young son. He struck each of these individuals one time in the head with the metal bar drawing blood with each blow. (T 117).
The police arrived having been called by Valeria. (T 117). On arrival, Officer Fuller observed Cherrina sitting propped up outside the bathroom door, bleeding, *689 eyes rolled back in her head, apparently unconscious. (T 176, 187). The officer contacted her sergeant because she believed she had a possible homicide (T 188).
Rule 9.210(b)(3), Florida Rules of Appellate Procedure, requires the appellant to include a factual statement in the initial brief. Rule 9.210(c) affirmatively states that the answer brief shall omit a statement of the facts “unless there are areas of disagreement.” The clear implication is that our rules of appellate procedure place a square obligation upon appellant to provide the court with a full and fair statement of facts. This is all the more so in a criminal case raising as the only issue on appeal the sufficiency of the evidence to sustain the conviction. The defendant moving for judgment of acquittal must accept the facts and inferences in a light most favorable to the state. State v. Law, 559 So.2d 187 (Fla.1989); Naumowicz v. State, 562 So.2d 710, 712 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 289 (Fla.1991); Williams v. State, 531 So.2d 212, 216 (Fla. 1st DCA 1988).
The reviewing court relies quite heavily upon the statement of facts contained in the initial brief. This proposition is of necessity particularly true in a case challenging the sufficiency of the evidence. An appellant’s statement of the facts must not only be objective, but must be cast in a form appropriate to the standard of review applicable to the matters presented. Appellant’s statement of the facts deletes a prior threat made by appellant against Cherrina, appellant’s act of breaking down the door to the home, appellant’s use of a metal bar to beat Cherrina, appellant’s administration of head wounds requiring 40 stitches to close, and finally the state of bleeding unconsciousness to which Cherri-na was rendered by appellant’s savage attack upon her with a weapon.
AFFIRMED.
SMITH and WIGGINTON, JJ., concur.