627 So.2d 1237 (1993)
Johanna WHITE, Appellant,
v.
William S. WHITE, Appellee.
No. 92-1580.
District Court of Appeal of Florida, First District.
December 7, 1993.
*1238 Tommy E. McPherson, Pensacola, for appellant.
Austin B. Gran of Austin B. Gran, P.A., Pensacola, for appellee.
PER CURIAM.
Appellant seeks review of a final judgment of dissolution of marriage. Because we conclude that, despite several opportunities, appellant's brief fails to demonstrate error or remotely to comply with the Florida Rules of Appellate Procedure, we affirm.
The final judgment was entered on April 14, 1992, and appellant's notice of appeal was filed in the trial court on May 1, 1992. When appellant's initial brief was not timely served, appellee filed a motion to dismiss the appeal. We ordered appellant to show cause why the appeal should not be dismissed for failure to file an initial brief. Appellant's attorney responded that he had "inadvertently and accidently lost, misplaced or set aside the directions to the [c]ourt reporter for transcription of the record." He requested that he be permitted to file an initial brief within twenty days of preparation of the transcript, which he implied had been ordered. On August 10, 1992, we denied the motion to dismiss the appeal; ordered appellant to "ensure preparation and transmittal of the transcript within 20 days"; and directed that the initial brief be served no later than twenty days thereafter. Accordingly, the initial brief was to be served no later than September 19, 1992.
On October 5, 1992, no initial brief yet having been served, appellee filed another motion to dismiss the appeal. On October 7, 1992, appellant's attorney responded with a motion to extend the time within which the initial brief must be filed. The attorney represented that his office had been "burglarized and vandalized[,] with the telephones stolen and other equipment maliciously damaged[,]" on September 15, 1992. He requested an additional seven days within which to file the initial brief. The motion was denied, without prejudice, because it failed to comply with the applicable rule. On October 22, 1992 (a week after the initial brief had been filed), appellant's attorney filed an amended motion to extend the time within which to file the initial brief. We then denied appellee's motion to dismiss the appeal; granted the amended motion for an extension of time; and accepted the initial brief as timely filed.
The initial brief filed by appellant's attorney (which consisted of six pages of text) did not comply with several of the requirements of rule 9.210(a) & (b), Florida Rules of Appellate Procedure. Among other deficiencies, the brief had no table of contents (there was no list of the issues presented for review anywhere in the brief); no table of citations (perhaps because no legal authority was cited in the entire brief); no statement of the case, or of the facts; and no summary of the argument (perhaps because the argument was only three pages long). The brief was returned by the Clerk to appellant's attorney with directions that a proper brief be served within ten days.
*1239 On November 2, 1992, appellant's attorney filed an amended initial brief (consisting of seven pages of text). It likewise failed to comply with a number of rules, and was returned by the Clerk to appellant's attorney.
On November 16, 1992, appellant's attorney filed a second amended initial brief. This brief was accepted by the Clerk. After appellee had filed his answer brief, appellant's attorney filed a reply brief which, upon motion, was stricken for failure to comply with applicable rules.
The second amended initial brief lists in its Table of Contents three issues: (1) whether "the [t]rial [c]ourt properly consider[ed] and award[ed] a reasonable sum of alimony to the [a]ppellant"; (2) whether "the [t]rial [c]ourt improperly consider[ed] and gave erroneous weight to certain testimony"; and (3) whether "the [t]rial [c]ourt award[ed] a fair and reasonable sum of distribution of equity [sic]." The Statement of the Case consists of one paragraph; and the Statement of the Facts consists of two paragraphs. Neither includes a single citation to the 5-volume record on appeal. There is no Summary of the Argument, presumably because the Argument section of the brief consists of only three pages. Although the Argument section does contain a few citations which appear to be to the record, it contains not a single citation to any case, statute, rule or other authority. In short, the brief is of no assistance whatsoever to this court.
There can be little question regarding failure to comply with rule 9.210, Florida Rules of Appellate Procedure. Normally, we would strike the brief and order appellant to file a proper brief within a set number of days. E.g., Williams v. Winn-Dixie Stores, Inc., 548 So.2d 829 (Fla. 1st DCA 1989). However, particularly egregious derelictions demand harsher action. See, e.g., Thompson v. State, 588 So.2d 687 (Fla. 1st DCA 1991) (convictions affirmed when initial brief failed to include full and fair Statement of Facts). Here, appellant's attorney was afforded numerous opportunities to file a proper brief. His actions reflect essentially no effort at all to do so. We concur wholeheartedly with the following statement made by the Fourth District Court of Appeal:
This Court will not depart from its dispassionate role and become an advocate by second guessing counsel and advancing for him theories and defenses which counsel either intentionally or unintentionally has chosen not to mention. It is the duty of counsel to prepare appellate briefs so as to acquaint the Court with the material facts, the points of law involved, and the legal arguments supporting the positions of the respective parties... . When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy. Again, it is not the function of the Court to rebrief an appeal.
Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983), review denied, 451 So.2d 848 (Fla. 1984) (citations omitted). See F.M.W. Properties, Inc. v. Peoples First Financial Savings & Loan Ass'n, 606 So.2d 372 (Fla. 1st DCA 1992) (failure to organize arguments under cogent and distinct issues sufficient to permit court to decline review).
Because appellant's second amended initial brief fails to demonstrate the existence of any reversible error in the trial court's actions, we affirm. See State v. Town of Sweetwater, 112 So.2d 852 (Fla. 1959) (2-paragraph "argument" in appellants' brief insufficient to overcome presumption of correctness attaching to trial court's ruling by clearly demonstrating error). We also send a copy of this opinion to The Florida Bar, and request that it commence an investigation to determine whether the actions (or inactions) of appellant's attorney merit discipline.
AFFIRMED.
BOOTH, SMITH and WEBSTER, JJ., concur.