698 So.2d 1280 (1997)
George Clayton JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1195.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
Rehearing Denied September 11, 1997.
*1281 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
George Clayton Jones appeals his convictions and sentences for five counts of DUI manslaughter and one count of DUI resulting in a serious injury. We affirm.
At Clayton's trial, a Florida highway patrol trooper opined that Jones was driving his vehicle at speeds of 80 to 100 miles per hour when Jones swerved into the opposite lane of traffic and hit two oncoming cars, one of which then collided with a fourth vehicle. In this appeal, Jones argues his judgment for acquittal should have been granted because the state failed to refute his hypothesis of innocence. Jones also asserts that it was error to allow the trooper to testify as an accident reconstruction expert. He further asserts that it was error to allow the jury to consider the medical and legal reports of blood alcohol levels, and that the jury instruction on causation erroneously imposed strict liability for the DUI manslaughter charges.
Appellant's only explanation at trial for swerving into the opposite lane of traffic which caused the five deaths in this accident was that a person in a phantom vehicle kept taunting him and that after the vehicle passed him, he tried to approach to a position that would enable him to read the tag number on the vehicle. As he approached, the vehicle braked, causing the appellant to veer left in order to avoid a collision. By veering left, appellant set in motion the chain of *1282 action leading to the multiple deaths. The jury clearly did not believe appellant's version of the accident, nor his version of his consumption of alcohol preceding the accident. It was within the province of the jury to sift through the testimony and determine the reasonableness and truthfulness of the facts conveyed by each of the witnesses. Jent v. State, 408 So.2d 1024 (Fla.), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). The trial court properly denied appellant's motion for acquittal.
The trial court recognized Corporal Conklin of the Florida Highway Patrol as an expert in the field of accident reconstruction. In addition to completing a 40-hour course and an 80-hour course in homicide investigations, which included calculations of speed and angles of trajectory, he completed additional courses in crash investigation in 1990 and 1991, including a course which certified him in advanced traffic accident investigation, the most advanced course offered, for police officers in the area of accident investigations. In this latter course, the trooper was exposed to additional calculations of mathematical formulas. Additionally the trooper had been involved in the investigation of 72 homicide and 4,510 traffic crashes. We agree with the trial court that the trooper was qualified as an expert to reconstruct the accident.
The trial court also did not err in allowing the jury to consider the blood alcohol reports as evidence of appellant's intoxication. We find, as the trial court did, that drawing the blood sample was accomplished in substantial compliance with HRS rules governing collection and testing, Robertson v. State, 604 So.2d 783 (Fla.1992), and that the jury was entitled to determine from the evidence whether the blood drawn for legal and medical purposes was that of the appellant.
As to appellant's final contention, that the DUI manslaughter instruction improperly imposed strict liability, we note that the trial court supplemented the standard instruction by instructing the jury with the following language paraphrased from Magaw v. State, 537 So.2d 564, 567 (Fla.1989):
The law does not require that the operator of a vehicle must be the sole cause of the fatal accident. The state is not required to prove that the operator's drinking caused the accident, only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of the driver under the influence to which the fatal accident can be attributed is sufficient.
We find this instruction, combined with the standard one, adequately informed the jury that the state had to show that negligence on the part of the appellant played a role in the accident. Magaw; Melvin v. State, 677 So.2d 1317 (Fla. 4th DCA 1996).
Competent sufficient evidence of appellant's guilt having been otherwise presented beyond a reasonable doubt, we affirm appellant's convictions and sentences.
AFFIRMED.
GOSHORN, J., concurs.
DAUKSCH, J., concurs in conclusion only.