KAHN, Judge.
Appellant Frederick. Van Hubbard appeals from his judgment and sentence for DUI manslaughter. He challenges the jury instruction used for DUI manslaughter and the improper admission into evidence of prior bad acts evidence. We reverse because the majority of courts that have considered the issue have concluded that simple negligence is an element of the crime of DUI manslaughter in Florida. We farther find that the prior bad acts evidence was improperly admitted.
The pertinent portion of the manslaughter by intoxication statute provides:
316.193 Driving under the influence; penalties.—
(1) A person is guilty of the offense of driving under the influence and is subject to punishment ás provided in subsection (2) if such person is driving or in actual physical control of a vehicle within this state and:
(a)The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired;
# * # * ifc
(3) Any person:
(a) Who is in violation of subsection- (1):
(b) Who operates a vehicle; and ■
(c) Who, by reason of such operation, causes:
* * * * * *
3. The death of any human being is guilty of DUI manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In Magaw v. State, the Florida Supreme Court opined that this statute, as amended in 1986, contained an explicit requirement of .causation:
In view of the history of chapter 86-296, the legislative intent is clear. We conclude that the 1986 amendment introduced causation as an element of the crimes proscribed by section 316.193(3). We caution, however, that the statute does not say that the operator of the vehicle must be the sole cause of the fatal accident. Moreover, the state is not required to prove that, the operator’s drinking caused the accident. The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any• deviation or lack of care on the part of a driver under the influence to which the fatal accident can he attributed unll suffice.
537 So.2d 564, 567 (Fla.1989) (emphasis supplied).
The statute, as amended in 1986, expressly requires causation by the intoxicated operator of a motor vehicle. See § 816.193(3)(c), Fla. Stat. (1995). The statute makes no mention of negligenee or deviation from a reasonable standard of care by such operator. Three of the five district courts of appeal in this state, however, have concluded that under Magaw, *290 simple negligence is an element of the crime. See Foster v. State, 603 So.2d 1312 (Fla. 1st DCA 1992), review denied, 613 So.2d 4 (Fla.1993); Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990); Jones v. State, 698 So.2d 1280 (Fla. 5th DCA), review denied, 703 So.2d 476 (Fla.1997). An instruction requiring “deviation or lack of care” was given in Naumowicz v. State, although the court did not comment on the correctness of the instruction. 562 So.2d 710, 712 (Fla. 1st DCA 1990), revieiv denied, 576 So.2d 289 (Fla.1991). In Foster, this court held that under the 1986 amendment, the jury should be informed that the defendant must have “been at least negligent in the operation of the vehicle, and that such negligence has been a cause of the victim’s death.” 603 So.2d at 1316.
The Fourth District has held that the standard jury instruction for DUI manslaughter need not be broadened to specify lack of care as a distinct element of the charge. See Melvin v. State, 677 So.2d 1317 (Fla. 4th DCA 1996). In so holding, the Fourth District noted that explicit in the standard jury instruction “is a determination by the jury of causation.... ” 677 So.2d at 1318. The Fourth District declined to construe the Magaw opinion as “requiring that the standard instruction be broadened to specify lack of care as a distinct element.” Id.
In the present case, appellant requested the following special jury instruction, adapted from language in Magaw and Naumowicz:
In order to find Frederick Van Hubbard guilty of DUI manslaughter, you need not find that his operation of the vehicle is the sole cause of the fatal accident. Neither is the State required to prove that Frederick Van Hubbard’s drinking caused the accident. The State is required to prove that Frederick Van Hubbard’s operation of his vehicle should have caused the accident.
* * * 'Jfi ❖ *
If, however, you find that the fatal accident can be attributed in some way to any deviation or lack of care on the part of Frederick Van Hubbard while under the influence of alcoholic beverages, this will suffice for you to find him guilty of DUI manslaughter.
Over the defendant’s objection, the trial court utilized the standard instruction adopted by the Florida Supreme Court in 1992. See Standard Jury Instructions-Criminal Cases (92-1), 603 So.2d 1175, 1195 (Fla.1992). Specifically, the court instructed the jury as follows:
Now, as to the first charge in count one, D.U.I. manslaughter, “Before you can find the Defendant guilty of driving under the influence manslaughter, the State must prove the following three elements beyond a reasonable doubt: One, Frederick Van Hubbard operated a vehicle. Two, that Frederick Van Hubbard by reason of such operation caused or contributed to the cause of the death of Dionisio Pura. Three, at the time of such operation Frederick Van Hubbard was under the influence of alcoholic beverages to the extent that his normal faculties were impaired or had a blood alcohol level of 0.08 percent or higher.”
This instruction recited verbatim the elements of the standard jury instruction for DUI manslaughter for which the Supreme Court had, in the opinion adopting the instruction, cited as authority its 1989 Ma-gaw opinion. Id. The standard instruction clearly requires causation, but does not mention negligence or deviation from a reasonable standard of care.
Very recently the Supreme Court has adopted a revised DUI manslaughter instruction, again citing Magaw as authority for the causation element:
DUI MANSLAUGHTER
F.S. 316.193(3)(c)3
Before you can find the defendant guilty of DUI Manslaughter the State must prove the following three elements beyond a reasonable doubt:
*291 Elements
1. (Defendant) operated drove or was in actual physical control of a vehicle.
See Magaw v. State, 537 So.2d 564 (Fla. 1989)
2. (-Defendant), by i-eason of such operation, caused or contributed to the cause of the death-of-(victim). While driving or while in actual physical control of the vehicle, (defendant)
Give 2(a) or 2(b) as applicable
a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the ' extent that [his][her] normal faculties were impaired, or
b. had a blood or breath alcohol level of 0.08 or higher.
Give 3a-and or 3b as applicable
3. At the time-of such operation (defendant)
Sr. — [was under the inflaence-of-[al-coholic beverages] [a chemical substance] [-a--controlled substance] to ■the extent that [his-][her].normal ■faeul-ties-were impaired.]
b* — [-had-a blood or breath alcohol ievebof-O.l-Q-or-higher.]
See Magaw v. State, 537 So.2d 564 (Fla.1989)
As a result, (defendant) caused or contributed to the cause of the death of (victim).
Standard Jury Instructions in Criminal Cases (97-2), 723 So.2d 123 (Fla.1998). Although the newly approved instruction has rearranged the elements of causation somewhat, it mentions neither negligence nor deviation from a standard of care, and expressly requires the jury to determine whether or not the defendant’s operation of a motor vehicle, while the defendant was under the influence, or had an unlawful blood alcohol, caused or contributed to the cause of the death of the victim.
Of course, the fact that the Supreme Court has adopted a standard jury instruction does not make that instruction the substantive law of Florida. See Steele v. State, 561 So.2d 638, 645 (Fla. 1st DCA 1990) (“While the standard jury instructions are intended to assist the trial court in its responsibility to charge the jury on the applicable law, the instructions are intended only as a guide, and can in no wise relieve the trial court of its responsibility to charge the jury correctly in each case.”) Nevertheless, we cannot completely ignore the fact that twice, since the Magaw opinion, the Florida Supreme Court has adopted standard jury instructions that do not contain a negligence element. This may well be because, despite the language in the Magaw opinion, the substantive statute for DUI manslaughter does not contain any reference to negligence. See § 316.193(3)(c)3, Fla. Stat. (1995). In its brief in this case, the State urges that “ ‘causation’ adequately covers the statutory topic, without an explicit digression into ‘negligence.’ ” The State’s position is not completely without logical force, given the appellant’s concession at oral argument, that, if negligence must be part of the jury charge, the standard instruction (adopted less than a week before this case was argued) will never be legally sufficient in a DUI manslaughter case where causation is contested. Nevertheless, we follow the precedent of this court and others and hold that the trial court erred by failing to give the Magaw instruction. In hopes that the Supreme Court will soon resolve this question that has arisen repeatedly in the nine years since Magaw, we certify direct conflict with the Fourth District’s Melvin decision.
During the trial of this cause, appellant chose not to testify. Appellant did, however, cross examine the Florida Highway Patrol investigator and solicited, without objection from the State, testimony that appellant had a valid driver’s license at the time of the fatal accident. The Assistant State Attorney then advised the *292 court that he intended to have the officer testify that appellant’s driver’s license had been suspended in previous years. Over objection, the trial court ruled that the defense had “opened the door” to allow the State to make such an inquiry. On redirect examination, the investigator testified that appellant had in the past had his driving privileges suspended. Such testimony was inadmissible under section 90.403, Florida Statutes (1995), because the danger of prejudice outweighed any probative value that could have been attributed to the fact of prior license suspensions. At retrial, the State will, of course, have the opportunity to object, should the defendant choose to again ask the question about appellant’s driver’s license status at the time of the incident.
REVERSED and REMANDED for a new trial; direct conflict certified.
BARFIELD, C.J., and WEBSTER, J., concur.