PER CURIAM.
Appellees, Wynn Westmoreland, William Moon, and Gerry Christensen, have moved to strike the initial brief of Appellant, Leo Greenfield, as violative of Florida Rule of Appellate Procedure 9.210. We grant the motion to strike.
A cursory review of the initial brief reflects multiple violations of the appellate rules. The Statement of the Case and the Facts is unduly argumentative and contains matters immaterial and impertinent to the controversy between the parties. See Williams v. Winn-Dixie Stores, Inc., 548 So.2d 829 (Fla. 1st DCA 1989)(striking Williams’ initial brief because it was unduly argumentative and contained matters immaterial and impertinent to the controversy between the parties). Citations to the record are inadequate throughout the brief. See Davis v. Sails, 306 So.2d 615 (Fla. 1st DCA 1975)(striking Davis’s initial brief for failure to cite to record in accordance with Florida Rule of Appellate Procedure 9.120(b)(3)). At one point, appellant’s “statement of facts” includes a three-page recitation of purported occurrences in an apparently disputed real estate development matter without a single record citation. Florida Rule of Appellate Procedure 9.210(b)(3) does not countenance this type of conduct. In fact-intensive appeals, frequent citations to the record are required.
Although multiple issues on appeal are raised, the Table of Contents of the Brief does not list the issues or arguments on appeal or places where each may be found. See Fla. R.App. P. 9.210(b)(1). The initial brief itself likewise fails to separately set *2 forth “[ajrgument with regard to each issue including the applicable appellate standard of review” as required by Florida Rule of Appellate Procedure 9.210(b)(5). For these and many other reasons which will be apparent to appellant after he reviews Florida Rule of Appellate Procedure 9.210, the initial brief filed by him is viola-tive of the appellate rules. As a frequent litigant before this court, we are confident the appellant in this case, albeit pro se, is capable of complying with the rules.
The motion to strike appellant’s brief is granted. Appellant shall file within ten days an amended initial brief which fully complies with Florida Rule of Appellate Procedure 9.210. Among other things, appellant shall delete all legal and rhetorical argument contained in the Statement of the Case and the Facts, specifically denominate the points on appeal in the Table of Contents and in the argument section of the brief, and make pinpoint citations to both the record on appeal and any case authority cited in support of the relief he seeks. See Williams v. Winn-Dixie Stores, Inc., 548 So.2d at 829.