PER CURIAM.
The appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 motion arguing that trial counsel was ineffective because he misadvised the appellant of the maximum sentence that he faced when considering the state’s plea offer.[1] The appellant claims that the state offered him three years’ imprisonment in exchange for pleading guilty to two charges. He claims that counsel advised him the maximum sentence he faced was fifteen years based upon one of the charges, possession of a firearm by a convicted felon, a second-degree felony, if the appellant proceeded to trial and was convicted. However, because the state subsequently served him with notice that it intended to seek to have him sentenced as a habitual felony offender, he instead faced thirty years’ imprisonment for the possession of a firearm charge. He argues that had he known that he faced thirty years’ imprisonment he would have taken the three years offered by the state. Instead he proceeded to trial and, upon conviction, was sentenced to fifteen years’ imprisonment.
The trial court summarily denied the appellant’s claim, concluding that the appellant was not prejudiced because he was sentenced to 15 years’ imprisonment, the maximum he thought he was facing when he rejected the plea offer, rather than the 30 years he could have gotten as a habitual felony offender. See generally Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the trial court’s order is at odds with the recent supreme court decision in Alcorn v. State, 121 So.3d 419 (Fla.2013) (holding that to establish prejudice a defendant must demonstrate that he would have accepted the plea offer had counsel advised the defendant correctly, the prosecutor would not have withdrawn the plea offer, the court would have accepted the offer, and the conviction or sentence, or both, *112 under the offer’s terms would have been less severe than the actual judgment and sentence imposed).
Consequently, we reverse the summary denial of this claim and remand for the trial court to either attach the portion of the record that conclusively refutes the appellant’s claim, as analyzed under Al-corn, or to hold an evidentiary hearing on the matter.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WETHERELL, SWANSON, and OSTERHAUS, JJ., concur.

. The appellant raised a second claim in his motion, but because he has filed an initial brief and has not argued this second claim in the brief, he has waived the right to have this Court consider this matter in this appeal. See White v. White, 627 So.2d 1237 (Fla. 1st DCA 1993). We therefore affirm the summary denial of this claim.