IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GLEN L. YOUNG,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2287

Opinion filed September 11, 2014.

An appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Glen L. Young, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant filed a rule 3.850 motion raising seven claims. However, he argues only two of the claims, claims two and three, in his initial brief. He has therefore waived the right to have the remaining five claims addressed in this appeal. See White v. White, 627 So. 2d 1237 (Fla. 1st DCA 1993).

We hold that, regarding claims two and three, the appellant has presented facially sufficient claims of ineffective assistance of trial counsel for refusing to stipulate that the appellant qualified for violent career criminal status. The state is not required to prove a defendant qualifies for violent career criminal status if a defendant offers to stipulate to this status. If a defendant offers to stipulate to this status, the state and the court should accept the stipulation. Once a defendant stipulates to this status the state is not required to prove violent career criminal status. See Brown v. State, 719 So. 2d 882 (Fla. 1998); State v. Emmund, 698 So. 2d 1318 (Fla. 3d DCA 1997).

We cannot conclude, based upon the record before us, that the appellant did not suffer prejudice resulting in a different outcome of his trial due to the state presenting evidence to the jury that the appellant qualified for violent career criminal status and arguing before the jury that the appellant was a violent career criminal. See Emmund; Strickland v. Washington, 466 U.S. 668, 690 (1984).

We therefore reverse and remand the trial court's order on appeal and direct the trial court to hold an evidentiary hearing on claims two and three.

REVERSED AND REMANDED.

LEWIS, C.J., BENTON, and RAY, JJ., CONCUR.