# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0999
Lower Tribunal No. 13-20103
_____

**Richard Plumer II,**
Appellant,

vs.

**U.S. Bank National Association, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Richard Plumer II, in proper person.

McGlinchey Stafford PLLC, and William L. Grimsley (Jacksonville), for appellee.

Before LAGOA, SCALES and LUCK, JJ.

PER CURIAM.

On Appellant's Motions

On or about May 3, 2017, pro se appellant, defendant and counter-plaintiff below, Richard Plumer II, appealed to this Court the lower court's April 4, 2017 non-final order. While not entirely clear from the record, it appears that this April 4, 2017 order denied Plumer's motion seeking a default against appellee, plaintiff and counter-defendant below, U.S. Bank National Association on Plumer's counterclaim.[1] The trial court's April 4, 2017 order also prevented Plumer from scheduling any more hearings before the trial court prior to the scheduled April 28, 2017 trial date on U.S. Bank's foreclosure case and Plumer's counterclaim. That trial was rescheduled by the trial court to May 12, 2017.

The trial court docket indicates that, following a May 12, 2017 non-jury trial, the trial court entered a final judgment of foreclosure for U.S. Bank. It is unclear from the face of the trial court's judgment how Plumer's counterclaim was adjudicated, if at all.

On May 16, 2017, Plumer filed a motion asking this Court to take judicial notice of filings in a related lower court case. We deny that motion. Florida Rule of Appellate Procedure 9.200 prescribes how the record on appeal is assembled by the lower court clerk and how the parties may include or exclude items from the record.

---

[1] At this stage, the record of the proceedings in this case is minimal; indeed, the limited record before us reveals no counterclaim.

On May 18, 2017, Plumer filed a motion with this Court seeking a new trial and other relief from the trial court's May 12, 2017 final judgment. We deny this motion, without prejudice, to Plumer filing, within 30 days, an amended Notice of Appeal that conforms to the requirements of Florida Rules of Appellate Procedure 9.110(d) and 9.900(a). If Plumer chooses to file an Amended Notice of Appeal seeking review of the trial court's May 12, 2017 final judgment, this Court's scope of review also includes any ruling or matter adjudicated by the lower court in the proceedings, assuming that orders reflecting any such challenged rulings are attached to the Amended Notice of Appeal. Fla. R. App. P. 9.110(h), 9.900(a).

We note that Plumer's initial May 3, 2017 Notice of Appeal – purporting to appeal the trial court's single-page, April 4, 2017 non-final order – contained some 148 pages of argument and other extraneous material outside the scope of rules 9.110(d) and 9.900(a). The parameters governing a party's briefings to this Court are defined in Florida Rule of Appellate Procedure 9.210, and, as noted above, the record on appeal is governed by rule 9.200. The parties are required to abide by these rules.

We recognize that Plumer is proceeding in this appeal pro se, as is his right. Nevertheless, pro se parties are obligated to abide by the appellate rules. See Greenfield v. Westmoreland, 156 So. 3d 1 (Fla. 3d DCA 2007).

So ordered.